E. B. BORDEN v. CITY OF GOLDSBORO.

(Filed 30 May, 1917.)

**1. Public Officers—Compensation—Quantum Meruit—Municipalities—Sinking Fund.**

Where a municipal corporation engages a commissioner of its sinking fund under the provisions of its charter, by which the incumbent was employed for a term of years continuously, his employment is that of a

public officer, which precludes compensation based upon a *quantum meruit*, and he may not recover for his services in the absence of express statutory provision.

**2. Appeal and Error—Municipal Corporations—Sinking Fund.**

Exception by a municipality to a judgment rendered upon a report of the referee and confirmed, to the effect that the commissioner of its sinking fund should have been charged with interest he should have collected, is without merit under the evidence in this case.

**3. Municipal Corporations—Sinking Fund—Commissioner—Salary—Interest.**

Where the authorities of a municipal corporation pass a resolution fixing the compensation of the commissioner of the sinking fund at $100 a year and 4 per cent interest, after he has served continuously for several terms, the charter of the city authorizing it, the fact that the resolution unlawfully attempted to charge the commissioner with interest on the fund which they claim he should have received does not affect the fact that the compensation was fixed by the resolution, at the stated rate; and it is erroneous to allow the commissioner the legal rate of interest.

CIVIL ACTION, heard at January, Term, 1917, of WAYNE, before *Cox, J.,* upon exceptions to report of referee. To the rulings of the Court both parties excepted and appealed from the judgment rendered.

*A. C. Davis, D. H. Bland, Dickinson & Land for plaintiff.*
*D. C. Humphrey, Dortch & Barham, Langston, Allen & Taylor for defendant.*

PLAINTIFF'S APPEAL.

BROWN, J. The plaintiff was appointed sinking fund commissioner by the board of aldermen, and served for nearly sixteen years. No definite salary was fixed until 3 August, 1914, when the board fixed his salary at $100 per annum for the period for which he had been commissioner, and in same resolution undertook to charge plaintiff with $2,885.05, being the difference between the interest received by plaintiff and that which defendant charges he should be chargeable with.

The plaintiff excepts because the referee and court refused to fix his compensation as upon a *quantum meruit* basis, claiming $250 per annum. This exception cannot be sustained.

The charter of defendant plainly creates the office of sinking fund commissioner, and authorizes the board of aldermen to fill it. The term is fixed at six years and the compensation is to be determined by the board.

The position filled by plaintiff was not of a temporary character, and the duties were continuous and not intermittent. The incumbent was required to perform continuous public service for a definite period and of a very responsible character. It had all the elements and charac-

teristics of a public office as distinguished from a mere public employment. 17 A. and E. Ann. Cases, 452; *Barnhill v. Thompson,* 122 N. C., 493. Being a public officer, we think the overwhelming weight of authority precludes a recovery for compensation based upon a *quantum meruit.*

A public officer is not entitled to payment for duties imposed upon him by statute, in the absence of an express provision for such payment. 25 Cyc., 449. In 1 Dillon on Mun. Corp., 731, it is said: "There is no such implied obligation on the part of municipal corporations and no such relation between them and officers which they are required by law to elect as will oblige them to make compensation to such officers unless the right to it is expressly given by law, ordinance, or by contract. Officers of a municipal corporation are deemed to have accepted their office with knowledge of and with reference to the provisions of the charter or incorporating statute relating to the services which they may be called upon to render and the compensation provided therefor. Aside from these, or some proper by-law, there is no implied assumpsit on the part of the corporation with respect to the services of its officers. In the absence of express contract, these determine and regulate the right of recovery, and the amount." Many cases are cited in the notes in support of the text.

This rule has been applied to officers of private corporations. *Caho v. R. R.,* 147 N. C., 20; *Chiles v. Mfg. Co.,* 167 N. C., 574.

The judgment of the Superior Court upon plaintiff's appeal is Affirmed.

The costs of plaintiff's appeal will be paid by plaintiff.

DEFENDANT'S APPEAL.

The exceptions of the defendant are based upon two propositions:

1. That the plaintiff should be charged with $2,885.05, being the difference in interest which plaintiff received upon the sinking fund and which he should have earned thereon.

This matter is very largely one of fact. The referee finds that plaintiff has been diligent and faithful and at all times exercised due care and discretion in regard to the management of the sinking fund, and that he has faithfully and honestly accounted to his successor for the whole of said fund and all interest thereon which came into his hands or ought to have been received by him on the same.

We find nothing in the record to justify any other conclusion.

2. It is contended that the board of aldermen did not fix any compensation, and, therefore, plaintiff can recover nothing for his services.

On August 3, 1914, the aldermen adopted the following resolution: "That said commissioner be charged up with interest heretofore un-

accounted for and which could reasonably have been earned in the sum of $2,885.05. That said commissioner be allowed a salary of $100 a year for the period for which he has been commissioner of the sinking fund, together with interest on such yearly salary at the rate of 4 per cent per annum, such salary with such interest amounting to $2,144.90, leaving an interest balance due to the city of Goldsboro of $740.11."

It is contended that this resolution does not fix any compensation. We think it does fix the salary or compensation of plaintiff at $100 per annum, with 4 per cent interest annually.

The fact that the aldermen undertook to charge plaintiff at same time and in same resolution with interest that he cannot legally be charged with does not alter the case. It was their duty to fix the compensation, regardless of the amount of interest plaintiff is chargeable with. That is a matter to be determined by the courts in case of a difference.

We think the judge erred in changing the rate of interest from 4 to 6 per cent. That is a part of the compensation fixed by the board of aldermen, and is supposed to have been considered by them in fixing the compensation. We think the judgment also inadvertently allows interest on interest, which is erroneous.

The cause will be remanded to the Superior Court with instructions to enter judgment in accordance with this opinion.

Modified and affirmed.

The costs of defendant's appeal will be paid by defendant.