DRAINAGE COMMISSIONERS OF MATTAMUSKEET DISTRICT, IN HYDE COUNTY, v. THOMAS D. DAVIS, SHERIFF.

(Filed 5 October, 1921.)

**1. Drainage Districts — Maintenance — Assessments— Sheriff's Commissions—Statutes.**

Under the provisions of the statute creating the Mattamuskeet Drainage District, ch. 442, Laws 1909 (C. S., 5350), the control thereof, after its completion, is continued in the board of drainage commissioners for the purpose of its maintenance, and authority is given it to levy assessments therefor on the lands benefited in the same manner and in the same proportion as the "original assessments" were made, and collected by the same officers as those by whom the State and county taxes are collected: *Held*, the term "original assessments" refers to those made for construction work or bonds issued therefor, and the assessments for maintenance should be collected by the sheriff of the county for the purpose of maintenance, as taxes for general county purposes are to be collected by him.

**2. Same—Compensation Implied.**

The policy of our State is to give just compensation for services rendered by its agencies, and while it is within the power of the Legislature to impose further duties upon its sheriffs or tax collectors without increased compensation, in this case the right to commissions upon the collection of assessments for the maintenance of a drainage district, where there is no express provision to this effect, is implied from the language of the statute when construed as a whole.

**3. Same—Taxation.**

By ch. 67, Laws 1911, certain sections of the general drainage act of ch. 442, Laws 1909, were repealed, and certain other sections substituted, leaving in force section 29 of the latter act, providing for the continuance of a drainage district established thereunder, under a board of commissioners, for maintenance, with authority to levy assessments for that purpose to be collected by the sheriff or tax collector of the county: *Held*, Rev., 5245 (now C. S., 5245), under the title of sheriffs and tax collectors, allowing them a commission of 5 per cent on "assessments collected," refers only to taxes collected for general governmental purposes, and not to assessments in drainage districts imposed for the special benefits to the lands therein, and commissions on assessments for maintenance are limited to 2 per cent by Laws 1909; and this construction is not affected by the repeal of sec. 36, Laws 1909, by ch. 152, sec. 2, Laws 1917.

**4. Same—Government—Political Subdivisions.**

A drainage district is not a political division of the State, and assessments to be levied for their maintenance differs from a tax to be levied and collected for State, county, township,. and school districts, "and other purposes whatsoever," such other purposes being construed as meaning taxes collected for purposes of general government, and do extend to drainage assessments. Rev., 5245 (C. S., 8042).

**5. Drainage Districts—Government—Taxation—Assessments.**

Assessments made for the maintenance of a drainage district, incorporated under the provisions of the statute, are not "taxes," though they may be so incorrectly denominated therein; being only assessments made for the special benefits to the land within the district and not imposed for the purpose of general revenue.

**6. Statutes—Interpretation—Courts—Legislature—General Assembly.**

The bringing forward of sec. 13, ch. 67, Laws 1911, in C. S., 5369, providing that 2 per cent shall be allowed sheriffs "for collecting the drainage assessments as hereinbefore prescribed," is a legislative construction of section 13 of the prior law, and was intended to restrict the compensation of the sheriff to 2 per cent of the amount of the assessments in drainage districts collected by him, and not to allow him a commission of 5 per cent as in case of taxes collected for general governmental purposes.

**7. Same.**

While the interpretation of a statute is a judicial function, a legislative construction may be considered by the courts, though it is not binding on this.

**8. Same.**

Where an act applies indiscriminately the terms "tax" and "assessment" to the assessment imposed for maintenance of a drainage district for the special benefit of the lands therein, the Court will construe the word "tax" as "assessment," the word "tax" having evidently been used inadvertently.

**9. Statutes—Interpretation—In Pari Materia—Drainage Districts—Sheriff's Commissions.**

The relevant sections of the various statutes upon the subject of the collection of assessments on lands in drainage districts by sheriffs and tax collectors, and their compensation therefor, being *in pari materia*, should be construed together by the courts in ascertaining the legislative intent.

APPEAL from *Bond, J.,* at chambers, July 2, 1921, from HYDE.

This is a controversy between the Board of Drainage Commissioners of Mattamuskeet District in Hyde County, and Thos. D. Davis, sheriff of said county, submitted without action upon agreed facts. It is admitted that plaintiff is a duly constituted drainage corporation and that defendant was sheriff of Hyde County during the years 1917, 1918, and 1919, and charged with the duty of collecting assessments for construction and maintenance of the drainage system levied in said drainage district. No controversy exists as to compensation for collecting assessments levied for payment of bonds issued for *construction* work, but it arises only with respect to commissions on the assessments levied annually for *maintenance.*

By chapter 509, Laws 1909, the State Board of Education, by virtue of its ownership of Mattamuskeet Lake and other lands near it, was

authorized to join in the petition to establish the drainage district, the corporate name of which was "Board of Drainage Commissioners of Mattamuskeet Lake" (sec. 3). The Board of Education did join in the petition *(Carter v. Comrs., 156 N. C., 183)*, and subsequently sold to the Southern Land Reclamation Co. *(Carter v. Comrs., supra; Caravan v. Comrs., 161 N. C., 100; Gibbs v. Comrs., 175 N. C., 5; Mann v. Mann, 176 N. C., 353.)*

The drainage district has issued bonds and levied assessments to maintain the district. No question is presented as to the legality of the bond issues or the maintenance assessments. The defendant being the sheriff and tax collector of Hyde County, whose compensation is not fixed by salary, collected all these assessments for the years 1917, 1918, and 1919; gave bond for their collection; has paid the same to the treasurer of the county; his accounts have been audited; and for his services and responsibility he retained, and his act in this respect was approved by the court below, the commissions fixed by law, as he contends. It is admitted in paragraph 3 of the facts agreed that the defendant, as sheriff, collected the maintenance assessments and accounted for the same, less his commissions. It is to recover these retained commissions that this action is brought. The contention of the plaintiff is that "no provision is specifically made for any compensation or commission to the sheriff for the collection of maintenance assessments, and that defendant is not entitled to any commission on this maintenance fund." The power to make the assessments is not denied, the obligation resting upon the sheriff to collect is not denied; nor is it denied that the sheriff's failure to collect would subject him to liability. The specific and only question involved here and for the Court's consideration is: Was the sheriff of Hyde County entitled to receive commissions on collections of assessments levied exclusively for maintenance purposes by the commissioners of said drainage district for the years 1917, 1918, and 1919, and if any, then what commissions? The sheriff has collected and paid to the treasurer of the county these maintenance assessments, less his commission. The plaintiffs insist that the sheriff is obliged to make these collections without compensation and is suing to recover the commissions unlawfully retained by the sheriff.

The plaintiff board of commissioners contends that he was not entitled to such commissions. The defendant sheriff contends that he was entitled to 5 per cent commissions. The court below held with defendant and gave judgment accordingly. Plaintiffs excepted and appealed.

*Spencer & Spencer, Small, MacLean, Bragaw & Rodman for plaintiffs.*

*Mann & Mann, and Manning, Bickett & Ferguson for defendants.*

WALKER, J., after stating the material facts: The Mattamuskeet Drainage District was created and organized under chapter 442, Laws of 1909. The provisions of chapter 509, Laws of 1909, are not material here. After the completion of the improvement, it came under control of the board of drainage commissioners, upon whom was expressly imposed the duty to keep it in good repair, for which purpose the commissioners were authorized to "levy an assessment on the lands benefited in the same manner and in the same proportion as the original assessments were made." Laws of 1909, ch. 442, sec. 29; C. S., 5350.

It will be noted that in the General Drainage Act of 1909, ch. 442, the first section which authorizes an assessment to provide funds for any work in the district is section 29, giving the power to levy assessments for maintenance, "in the same manner and in the same proportion as the original assessments were made." It is clear that the expression "original assessments" refers to those made for construction work, or to pay bonds issued for construction work, as provided for in sections 31, 32, 34 of ch. 442, Act 1909. These sections provide for collection of assessments for construction work "by the same officers as those by whom the State and county taxes are collected." Laws of 1909, ch. 442, sec. 34. The Legislative Act of 1909 is silent on the subject of compensation to the sheriff or tax collector charged with the duty of collecting these assessments.

That the Legislature could impose the duty to collect this fund upon the sheriffs and tax collectors without permitting them to charge a commission thereon, seems to have been settled. *Comrs. v. Stedman,* 141 N. C., 448; *Fortune v. Comrs.,* 140 N. C., 322. It is evident that in the legislative mind was the purpose and intent that this beneficent law designed to reclaim vast areas of naturally fertile lands for the uses of mankind, and to promote the health of the people, should be economically administered, and that the amount to be raised by assessments should be available for the public benefit planned and contemplated, without diminution by incidental expenses in payment of commissions to existing or future officeholders, for whom already was provided compensation sufficient to allure. The law being written as recited, sheriffs and tax collectors were without express authority to have deducted any commissions from these assessments, but in the act can be found clearly implied authority to this effect. The Legislature of 1911 amended the General Drainage Act of 1909. Laws 1911, ch. 67. The Act of 1911 does not change section 29 of chapter 442, Act of 1909, but does strike out sections 31, 32, 33, and 34 of the Act of 1909, and insert new sections in lieu thereof. Acts 1911, ch. 67, secs. 8, 9, 10, 11, and 12. These new sections provide for the collection of assessments for construction, or the payment of principal and interest on construction bonds issued, and

direct that these assessments "shall be collected by the same officer and in the same manner as State and county taxes are collected." Acts 1911, ch. 67, secs. 8 and 11.

Next in order comes section 13 of the Act of 1911 for the first time making express provision for any commission or fee, as follows: "Sec. 13. That the fee allowed the sheriff or other county tax collector for collecting the drainage tax as prescribed in section thirty-four of chapter four hundred and forty-two of the Public Laws of one thousand nine hundred and nine shall be two per cent of the amount collected, and the fee allowed the county treasurer for disbursing the revenue obtained from the sale of the drainage bonds shall be one per cent of the amount disbursed: *Provided,* no fee shall be allowed the sheriff or other county tax collector or county treasurer for collecting or receiving the revenue obtained from the sale of the bonds provided for in section thirty-four of chapter four hundred and forty-two of the Public Laws of one thousand nine hundred and nine, nor for disbursing the revenue raised for paying off the said bonds: *Provided, further,* that in those counties where the sheriff or tax collector and treasurer are on a salary basis, no fees whatever shall be allowed for collecting or disbursing the funds of the drainage district."

The plaintiffs contend, and we think properly so, that the enactment of the law of 1911 (sec. 13, ch. 67) leads to the conclusion that it was the legislative intent that no longer, if before it had been relied on, should there be any warrant for the contention that the provisions of section 5245 of the Revisal of 1905 (now sec. 8042 of Consolidated Statutes) applied to drainage assessments, entitling sheriffs or tax collectors to 5 per cent commissions on assessments collected, but that the compensation to be paid for collection and disbursement should be limited to that prescribed in the Act of 1911, to wit: That for collecting the larger assessments required for construction work, the sheriff should receive two (2) per cent of the amount collected, and that for disbursing the proceeds of a bond sale the treasurer should receive a commission of one (1) per cent. But we consider the inference as clear, that it was the legislative intent that for collecting the small annual assessments for maintenance there should be commissions allowed, though not as much as five (5) per cent. But more of this hereafter.

The judgment rendered decrees that defendant Davis, as tax collector for Hyde County, is entitled "out of the funds collected by him (from assessments) for maintenance of the said drainage district, the same compensation provided by law for collection of 'state, township, school districts or other purposes whatsoever,'" making express reference to section 5345, Revisal of 1905. Upon what theory can this judgment be wholly sustained?

Section 5245 of the Revisal (now sec. 8042 of Consolidated Statutes) was a part of the chapter of the Revisal of 1905 dealing with taxes. This provision is brought forward in Consolidated Statutes of North Carolina under chapter entitled "Taxation." The language of section 5245 of the Revisal of 1905 referred to in the judgment is "That the sheriffs and tax collectors shall receive 5 per cent on all taxes, licenses and privileges collected by them for State, county, township, school district, or other purposes whatsoever," as already stated. Prior to 1905 the commissions allowed to sheriffs for collecting county taxes were fixed at the same per cent as for the collection of public taxes payable to the Treasurer of the State. Code of 1885, sec. 723. The commissions deductible in settlement of State taxes were 5 per cent on the amount collected. Acts 1903, ch. 251, sec. 92. In 1904 a controversy arose in Iredell County as to whether the sheriff was entitled to commissions on the school tax collected. Board of Commissioners, 137 N. C., 63.

The Legislature of 1905 thereafter wrote into the law the language, "That the sheriffs and tax collectors shall receive 5 per cent on all taxes, licenses and privileges collected by them for State, county, township, school district, or other purposes whatsoever." Acts 1905, ch. 590, sec. 91; Acts 1907, ch. 258, sec. 91; Revisal of 1905, sec. 5345; C. S., ch. 131, sec. 8042. But drainage districts, such as this one, are not political subdivisions of the State as is a county or township; neither are they special tax districts as are the school districts. These assessments are not "taxes, licenses or privileges," even though they be so styled by the Legislature itself. They are local assessments "and made with reference to special benefits derived from the property assessed for the expenditures, while taxes are public burdens, imposed as burdens for the purpose of general revenue." *Shuford v. Comrs.,* 86 N. C., 562; *Sanderlin v. Luken,* 152 N. C., 738; *Comrs. v. Webb,* 160 N. C., 594. By the very language and provisions of the act under which these assessments may be levied, they are subordinate, as liens, to the lien of taxes. Acts of 1911, ch. 67, sec. 12. Can it be seriously contended that by that act the Legislature of 1905 had in contemplation the collection of these assessments for maintenance of drainage canals, which were unknown in their present form in North Carolina until 1909? Only upon that theory can the inference be drawn that this general act of 1905 extends so far.

It is the rational view that we must look to the Acts of 1909 and 1911, which relate to these drainage districts, and which expressly or impliedly specify the compensation of sheriffs and treasurers, to ascertain the legislative intent. We think that they, when taken together and so construed, provide that commissions shall be deducted for collection of maintenance assessments at the rate of two per cent—not five.

In this respect the case at bar differs from the case of *Board v. Comrs., supra,* in that in the latter case nowhere was any express provision for any compensation to the sheriff for collecting the school tax.

The defendant contends, and we think this is his main reliance, that the general statute allowing the sheriff commissions for collecting taxes provides in the Revisal of 1905, sec. 5245: "The sheriff and tax collectors shall receive five per cent on all taxes, licenses and privileges collected by them for State, county, township, school district, or other purposes whatsoever, up to fifty thousand dollars, and upon all such sums so collected by him in excess thereof he shall receive two and one-half per cent commissions." This provision is repeated in section 101, chapter 234, Laws of 1917, and in section 101, chapter 92, Laws of 1919 (sec. 8042 C. S.). The primary purpose of these sections was to fix the sheriff's commissions for collecting *taxes,* in the strict and technical sense of that word. *Comrs. v. Stedman,* 141 N. C., 448. Defendant contends that there is no provision of the drainage acts which forbids the application of this general provision. It will be noted that the phraseology is somewhat comprehensive—"all taxes collected for State, county, school district *or other purposes whatsoever.*" (Italics ours.) But this view drawn therefrom does not commend itself to our favorable consideration. As we have shown, these collections were not of *taxes,* but of *assessments* proper. The distinction between the two is plainly marked by the law. While in the two acts of 1909 and 1911 the words "assessments" and "taxes" are indifferently used, they both were manifestly intended to describe the same thing, namely, the sums imposed upon the lands receiving benefits from the drainage for the purpose of paying the costs and expenses thereof, and in no proper sense are they "taxes," that word having a well-defined and perfectly well-understood meaning, being levies made, not for special benefits accruing to the particular owner of land, or to the land itself, but for defraying the costs and expenses of government, being, strictly speaking, public burdens. The statute to which defendant refers, and which allows five per cent on taxes collected, is to be found only under the general title of Taxes and the Collection of Them, or under Revenue. The argument based upon these considerations is, therefore, entirely inadmissible, and we must look to the drainage acts for light upon the subject, and be governed by their provisions. Section 36 of the Act of 1909, if it had been retained, would have settled the question easily and most satisfactorily, but it was repealed by the Act of 1917, ch. 152, sec. 2, though we do not think it was intended to be repealed so far as the compensation of officers and employees of the drainage commission were concerned, but only in other respects, and that a repeal of the provision of that section, that officers and others performing service where compensation is not specially pro-

vided for, shall receive pay therefor for their work as in other like cases, was inadvertently included in the repealing section of the later law. But we will treat it as wholly repealed by the Act of 1917, and even, in that view, there is plenty left to show an intent of the Legislature to make an allowance to the sheriff for the collection of assessments for maintenance, and that the same should be the percentage allowed in case of assessments for construction, under section 34 of the Act of 1909, as that is the closest analogy, the two services being clearly of a like kind, and not only that, but of the same kind, or, in other words, identical. As we have said, these assessments for maintenance, it is true, are sometimes called "drainage taxes," but this is a misnomer merely, for drainage assessments were clearly in the mind and contemplation of the Legislature, and sometimes they are so properly designated in the two acts. We cannot adopt defendant's construction of Revisal of 1905, sec. 5345, which provides that sheriffs and tax collectors shall receive five (5) per cent on all taxes, licenses and privileges collected by them for State, county, township, school districts, *or other purposes whatsoever* (italics ours). The expression "or other purposes whatsoever" refers to taxes of a like kind, or public taxes proper, and not to these assessments. That section of the Revisal (5345) is to be found in chapter 110, entitled "Revenue," which refers to the revenue received from taxation for public purposes.

We are led to conclude that the sheriff is entitled to some commissions on the collection of drainage assessments by the consideration of the established policy of this State prevailing for many years, which is that officers and other persons rendering services to the State in any official, or even unofficial, capacity have been uniformly paid for such services, either by salary, fees or in some other form, and the State has not required that such services be rendered gratuitously, but has acted upon the just principle that not only is the laborer worthy of his hire, but that he should be paid a just compensation for his work. The sheriff is required to give bond for the collection and safe custody of funds derived from these assessments, and to make prompt settlement for the same. He performs the same work as he did in the collection of organization or construction assessments, and the statute provides (Act of 1909) that those overdue shall be collected and disbursed in the same manner, and by the same officers, as the State and county taxes. Section 29 of that act continues the control of the drainage commissioners for maintenance and repairs and authorizes the levy of an assessment for such purposes in the same manner and in the same proportion as the original assessments were made. It may be that in certain very exceptional cases the statutes do not provide specifically for compensation to an officer for particular services rendered, and too because, as

contended by plaintiff, his salary, if one is received, or his fees, or the pay for his other work, may have been regarded as quite sufficient compensation for the performance of all his official duties, but/ such cases, if they exist, are rare, and do not embody the general and uniform rule, but, as exceptions, they tend to prove it. Then again, section 13 of chapter 67, Laws of 1911, is brought forward as section 5369 of the Consolidated Statutes which provides that two per cent̃ shall be allowed the sheriffs, "for collecting the drainage assessments as hereinbefore prescribed," and it refers not only to the assessments for construction, but to those for maintenance, and is a legislative construction of the drainage statutes as to the compensation of the sheriff. We are not bound by a legislative construction, as interpretation of a statute is a judicial function and for the Court alone, but it can be called in aid by us and considered with the other facts. *Gill v. Comrs.,* 160 N. C., 176; *Abernathy v. Comrs.,* 169 N. C., 631; *Hannah v. Comrs.,* 176 N. C., 395.

This brings us to consider an important, and exceedingly relevant, passage in the plaintiff's brief, which appears to be in harmony with our view, though not a full concession of it, and which is stated alternatively therein to his first contention, and it is that the sheriff may be entitled to compensation at the rate of two per cent, though rejecting, as we do, the defendant's view, that these assessments are "taxes," which they are not in any proper sense, and entitle him to five per cent on the amount collected.

In his brief the plaintiff says substantially, and this is the passage to which we have referred, that in no event could the defendant have been entitled to a commission of more than two per cent, but if the Court should be of opinion that ·it was not intended by the Legislature to impose the duty of collecting these assessments for maintenance without providing compensation to the sheriffs and tax collectors, then the only reasonable theory is that the provisions of chapter 67, sec. 13, of the Laws of 1911, contemplated that but two per cent should be charged upon any drainage district fund collected, as well the maintenance assessments as the construction or bond assessments. This for the reason that the Acts of 1909 and 1911 provide that maintenance assessments shall be levied in the same manner and in the same proportion as original assessments were made, and while not so expressly provided, the inference is essential that they were to be collected by the same officers, and every provision for the collection of these original assessments requires that it be done by the sheriffs and tax collectors. This view that the two per cent only can be collected is supported by the fact that the Act of 1909, and the Act of 1911 nowhere make any distinction between the maintenance assessments and original assessments; and the

theory finds further support in the fact that in bringing forward this section 13 of chapter 67, Laws 1911, the Legislature of 1919, in Consolidated Statutes, sec. 5369, construes these fees of two per cent to sheriffs and tax collectors to be "for collecting the drainage assessments as hereinbefore prescribed," which includes the maintenance assessment for which provision is made in Consolidated Statutes, sec. 5349 preceding. We concur in this view of the plaintiff, as the alternative to plaintiff's contention in the first part of its brief, and in its arguments here, which first contention we must reject.

We believe that this is the correct solution of the question, as the sheriff's commissions, raised in the case, as that question is stated by both of the parties (though its correctness is not admitted), and we accordingly adopt it. This view has the merit of being a fair and just one, and best accords with the intent of the Legislature in all the enactments upon the subject, when they are considered together, as they should be, being *in pari materia.*

This case was argued with *Drainage Comrs. v. Credle,* and *Same v. Brinn,* at this term, but as the latter involve different questions, they will be discussed and decided in separate opinions, being essentially different cases.

The judgment will be modified by inserting two per cent in the judgment for five per cent as provided therein, and as thus modified it is affirmed.

Plaintiff will pay two-fifths and the defendant three-fifths of the costs in this Court.

Modified and affirmed.