BOARD OF DRAINAGE COMMISSIONERS OF MATTAMUSKEET
DISTRICT v. JEFF CREDLE, TREASURER.

(Filed 9 November, 1921.)

1. **Drainage Districts —Counties— Treasurer— Compensation— Commissions—Statutes.**

*Semble,* C. S., 3910, cannot be construed to allow additional compensation to the county treasurer for receiving and disbursing money of a drainage district under sec. 36, ch. 442, Laws of 1909, the acts being unrelated; but, if otherwise, the county treasurer must bring himself within the provisions of sec. 3910 by showing the amount claimed was allowed to him in the discretion of the county commissioners, within the limit fixed by the statute, and that the regular procedure followed as to the drawing of the warrants by the drainage commission upon funds on hand derived from collections for the benefit of the drainage district alone, etc.

2. **Same—Expressio Unius, Est Exclusio Alterius.**

Sec. 13, ch. 67, Laws 1911, dealing with the compensation to be allowed the county treasurer for disbursing the revenue obtained from the sale of bonds of a drainage district, provides but one compensation for all services, *i. e.,* 2 per cent of the revenue derived from the sale of the drainage bonds, and expressly denies compensation for certain other services mentioned, and if not, then under the doctrine of *expressio unius est exclusio alterius* the treasurer is not entitled to compensation by way of commissions on the moneys derived from assessments for maintenance.

APPEAL by plaintiff from *Bond, J.,* at chambers, 20 July, 1921, from HYDE.

This action was brought to ascertain and declare by our judgment the commissions which the defendant, as treasurer of the county, is entitled to receive for collecting and disbursing what are known in the drainage law of the district (Laws 1909, ch. 442; Laws 1911, ch. 67; Laws 1917, ch. 152), as assessments for maintenance, etc. The claims of the respective parties are set out in the case agreed, this being a controversy submitted without action, the plaintiff's contention being: (1) that the treasurer is not authorized to receive or disburse any of the funds of the said district, and he assumed this charged upon his own responsibility; and (2) if he is entitled to receive and disburse said funds by virtue of his office as treasurer of Hyde County, he is entitled to receive only such commissions as are specifically provided for by the general and special drainage laws; while the defendant contends that the treasurer (defendant in this case) is entitled to one-half of one per cent for receiving the funds raised by the taxes or assessments levied for the payment of construction bonds of said district, and to one-half of one per cent for receiving taxes or assessments levied for maintenance purposes, and two and one-half per cent for disbursing taxes or assessments levied in the district, and to one-half of one per cent for disbursing any money

that may have. been borrowed by the said district and repaid out of funds provided for maintenance purposes by the collection of maintenance taxes or assessments, or to the same commission provided by law for receiving and disbursing other public or general taxes that come into his hands by virtue or color of his office.

The court was of the opinion, and so adjudged, upón the case agreed, "that the defendant treasurer of Hyde County is entitled to one-half of one per cent for his services in receiving the funds raised by the taxes levied and collected for payment of. construction bonds of said district, and to one-half of one per cent for receiving and two and one-half per cent for disbursing the maintenance taxes or assessments levied and collected for said district, or the same commissions provided by law for receiving or disbursing other public or general taxes that came into his hands by virtue or color of his office as treasurer of Hyde County."

It will be necessary to a full understanding of the matter to set out the terms of two statutes supposed to be applicable to the case. The first is the act of 1909, ch. 577, secs. 1 and 2, which amended Revisal of 1905, sec. 2778, and which, as thus amended, is C. S., 3910. We will state it in the terms of the latter section, as follows: "The county treasurer shall receive as compensation in full for all services required of him such a sum, not exceeding one-half of one per cent on moneys received and not exceeding two and a half per cent on moneys disbursed by him, as the board of commissioners of the county may allow. . . . In counties where the treasurer's total compensation cannot exceed two hundred and fifty dollars per annum the treasurer may be allowed, in the discretion of the board of county commissioners, and of the board of education as to the school fund, a sum not exceeding two and one-half per cent on his receipts and not exceeding two and one-half per cent on his disbursements of all funds handled by him; but the compensation allowed by virtue of the provisions of this last proviso shall not be operative to give a total compensation in excess of two hundred and fifty dollars per annum to such treasurers." The other statute is sec. 13, ch. 67, Public Laws of 1911, which is really the only provision in the drainage laws dealing with the treasurer's compensation, and is as follows: "That the fee allowed the sheriff or other county tax collector for collecting the drainage tax (or assessments), as prescribed in section thirty-four. of chapter four hundred and forty-two of the Public Laws of one thousand nine hundred and nine (the same being for construction of drainage canals, etc.) shall be two per cent of the amount collected, and the fee allowed the county treasurer for disbursing the revenue obtained from the sale of the drainage bonds shall be one per cent of the amount disbursed: *Provided,* no fee shall be allowed the sheriff or other county tax collector or county treasurer for collecting or receiving

the revenue obtained from the sale of the bonds provided for in section thirty-four of chapter four hundred and forty-two of the Public Laws of one thousand nine hundred and nine, nor for disbursing the revenue raised for paying off the said bonds: *Provided further,* that in those counties where the sheriff or tax collector and treasurer are on a salary basis, no fees whatever shall be allowed for collecting or disbursing the funds of the drainage district."

Plaintiff excepted and appealed.

*Spencer & Spencer and Small, MacLean, Bragaw & Rodman for plaintiff.*

*Mann & Mann and Manning, Bickett & Ferguson for defendant.*

WALKER, J., after stating the case: It is well to notice, and clearly understand, in the beginning the defendant's contention. His first proposition is this, that under the act of 1909, ch. 442, sec. 36, after fixing, in that section, the compensation of the engineer and the various rodmen, axemen, chainmen, and other laborers, it is provided as follows: "All other fees and costs incurred under the provisions of this act shall be the same as provided by law for like services in other cases. Said costs and expenses shall be paid, by the order of the court, out of the drainage fund provided for that purpose, and the board of drainage commissioners shall issue warrants therefor when funds shall be in the hands of the treasurer." That section (36), it is admitted, was repealed by the act of 1917, ch. 152, sec. 2. It is deduced from the provisions of sec. 36, ch. 442, Laws 1909, that the defendant, so far, at least, as services already rendered by him before the repeal of that section are concerned, is entitled to compensation for such services as provided by Rev., 2778, as amended by Laws 1909, ch. 577, it being C. S., 3910, all of which is recited fully in the statement of the case. But we find ourselves unable to agree with this view of the matter. The precise contention is that as sec. 36, ch. 442, Laws 1909 (the drainage act), provides for compensation as for like services where no special provision is made in the drainage act for the particular service, it necessarily refers to the kind of services the compensation of which is provided for in C. S., 3910 (which we will hereafter refer to, for the sake of brevity and convenience, by the number of the section only). But that section (3910) is placed under the title of "Salaries and Fees" where the compensation of county treasurers for their ordinary services is fixed, and not for any special service rendered under the drainage act, which was something apart from their ordinary duties and stood in a class to themselves, as contended by the plaintiff, and we are strongly inclined to accept this interpretation of the statutes when considered together, though we do not

decide the question, as it is not essential that we should do so, for even if C. S., 3910, applies, and should receive the construction advanced by the defendant, we yet are of the opinion that he has not brought his case within the provision of that section, or the laws from which it was compiled, for the reason that it provides that the amount of the compensation to be allowed shall be "in the discretion of the county commissions," or "as said county commissioners may allow" (the maximum only being fixed), and the language, therefore, being thus substantially the same. There is no admission in the case, or even allegation by the defendant, that the board of county commissioners, even if they had the power, had declared what the compensation should be. Besides, the language quoted above from C. S., 3910, shows, we think, clearly that sec. 36, Laws 1909, did not refer to services provided for in section 3910, as the county commissioners have no power or authority in the premises given by the drainage act, and the compensation, under section 36, is payable "out of the drainage fund provided for that purpose by order of the court, and the board of drainage commissioners shall issue warrants therefor when funds shall be in the hands of the treasurer." It appears to be manifest from this language that the provision in section 36 does not refer to C. S., 3910. So that it comes to this, that the special ground upon which the defendant relies is not at all tenable, even if he be entitled to any compensation for the special services he claims to have rendered, as stated in his cause of action, and we conclude that he is not, upon a careful consideration of Laws 1911, ch. 67, sec. 13, which is copied in our statement. That section provides but one compensation for all services and expressly denies compensation for certain services therein enumerated.

The defendant's counsel inquire as to why the Legislature mentioned only two instances where compensation is denied and not all of them, the answer being that no express provision is made for compensation in any other case where the treasurer handles drainage funds, and we are not at liberty to supply the omission. The general rule is that *expressio unius, est exclusio alterius,* and when the Legislature explicitly provides that only one "fee" shall be paid we have no right to say or to imply, that is, infer, that more was intended than what is expressly given.

The case of *Koonce v. Comrs.,* 106 N. C., 192, has no application to this case, but referred to a different class of services rendered by the treasurer, and was decided long before this drainage act was passed. It is true, as said in *Koonce's case,* that the policy of this State has been to compensate its officers fairly and justly for their services, and it may be well inferred that the Legislature thought it had done so in this instance, by allowing one per cent on the amount realized from the sale of the drainage bonds, and it is to be noted in this connection that section

3910, on which defendant relies, sets a limit to his compensation for such services rendered by him as are described in that section. The fact, if it be true, that the county treasurer may also be *ex officio* treasurer of the drainage district is not at all important in the discussion, as we have assumed for the sake of argument that he is, and *Carter v. Comrs.,* 156 N. C., 183, and *Comrs. v. Lewis,* 174 N. C., 528, are, therefore, irrelevant. Plaintiff contends that the State Treasurer is treasurer of this district. But we need not decide how this is, as it is immaterial in our view.

Even though it should be true that the maximum prescribed by the act has in fact been allowed by the commissioners of Hyde County as compensation to the treasurer (which does not appear and is not admitted), yet this would not give the defendant a right to commissions for handling drainage district funds.

This case is not like *Comrs. v. Davis, ante,* 140, upon a somewhat similar question. We held there that the sheriff was entitled to commissions of two per cent on collections of assessments for maintenance purposes, because such an inference as to the intention of the Legislature to that effect was clearly to be drawn from the drainage act of 1909 itself, for the reasons stated in the opinion of the court which are not applicable here. There we hold the sheriff to be entitled to commissions of two per cent on collections for maintenance of the district, because there was some ambiguity in the laws, and there was a legislative construction of them which extends the right to commissions, beyond collections for organization, etc., to such collections for maintenance, and there seemed to be no disposition of the Legislature to limit this compensation, as in the case of the treasurer, by C. S., 3910, because, as we presume, the sheriff's duties are more onerous. He must collect and pay out to the treasurer, while the latter merely receives the money and pays it out, taking receipts for the same, and making proper entries on his books—a much less difficult and responsible service. There were some other considerations which moved us there which are not present in this case.

It may be that the defendant should have more compensation, and if so, the Legislature will hear him, as he has a strong equity upon which to base his appeal to it for relief. But such relief we cannot grant, as we have no power of legislation.

The judgment below will be reversed, as defendant is not entitled to recover anything upon the case agreed, and it will be so certified.

Reversed.