L. C. REED v. MADISON COUNTY ET AL.

(Filed 2 March, 1938.)

1. **Jury §§ 3, 8—**
Challenge to the array for that jury commission drawing the panel was created by ch. 177, Public-Local Laws 1931, and was not legal agency for drawing the panel, should have been sustained.

2. **Jury § 1: Appeal and Error § 39a—**
The fact that the panel was not drawn by a legal agency does not entitle appellants to a new trial in the absence of a showing of prejudice.

3. **Public Offices § 11—**
In an action to recover emoluments of public office to which plaintiff contends he was legally elected, a directed verdict in plaintiff's favor is error when defendants plead the statute of limitations and controvert the evidence relative to the amount of time and mileage claimed by plaintiff.

**4. Trial § 27—**

Ordinarily, a verdict may not be directed in favor of the party upon whom rests the burden of proof.

**5. Public Offices § 11—**

In an action to recover the emoluments of a public office, no recovery may be had upon *quantum meruit*, since a public officer is entitled only to compensation specified by statute, ordinance, or contract.

**6. Appeal and Error § 40g—**

When an appeal may be decided on either one of two grounds, one involving a constitutional question and the other a question of less moment, the constitutional question will be pretermitted.

APPEAL by defendants from *Johnston, J.,* at November Term, 1937, of MADISON.

Civil action to recover certain emoluments or perquisites belonging to the office of auditor of Madison County.

In apt time the defendants entered a challenge to the array of the jury on the ground that the jury commission which drew the panel for the November Term, 1937, Madison Superior Court, was not a proper legal agency for drawing such panel, the said commission having been created by ch. 177, Public-Local Laws 1931. Overruled; exception.

The defendants denied the validity of plaintiff's election to the office of auditor; pleaded the two-year statute of limitations, C. S., 442, and controverted the amount of time and mileage set out in plaintiff's claim.

There was a directed verdict and judgment for plaintiff from which the defendants appeal, assigning errors.

*Carl R. Stuart and Smathers & Meekins for plaintiff, appellee.*
*Roberts & Baley for defendants, appellants.*

STACY, C. J. It follows from what is said in the case of *Brigman v. Baley, ante,* 119, that the challenge to the array should have been sustained. McIntosh, N. C. Prac. and Proc., 596. But this alone would not entitle the defendants to a *venire de novo. S. v. Levy,* 187 N. C., 581, 122 S. E., 386. *Non constat* that they may not have had a jury to their liking or that they were prejudiced thereby. Indeed, it appears from the record that no member of the original panel served on the jury in this case. It seems to have been composed of talesmen. Judgments are not to be disturbed for jury defect except upon proper showing of prejudice. *S. v. Gosnell,* 208 N. C., 401, 181 S. E., 323.

Upon another ground, however, defendants are entitled to a new trial. His Honor inadvertently directed a verdict for the plaintiff in the face of the plea of the statute of limitations and the controverted evidence

relative to the correctness of the amount of time and mileage set out in plaintiff's claim. It is true, the principal matter debated on the hearing was the legality of plaintiff's election as auditor, but this was not the whole case. There were issues of fact for the jury, as well as questions of law for the court, with the burden on the plaintiff throughout.

It is seldom that a verdict can properly be directed in favor of the party upon whom rests the burden of proof. *Yarn Mills v. Armstrong,* 191 N. C., 125, 131 S. E., 416. Indeed, it is said in some of the cases that "a verdict can never be directed in favor of the party upon whom rests the burden of proof." *Cox v. R. R.,* 123 N. C., 604, 31 S. E., 848; *House v. R. R.,* 131 N. C., 103, 42 S. E., 553.

As plaintiff is suing for the emoluments or perquisites of a public office, he is not to recover on a *quantum meruit. Borden v. Goldsboro,* 173 N. C., 661, 92 S. E., 694.

Speaking to the question in the *Borden case, supra, Brown, J.,* delivering the opinion of the Court, said: "A public officer is not entitled to payment for duties imposed upon him by statute, in the absence of an express provision for such payment. 25 Cyc., 449. In 1 Dillon on Mun. Corp., 731, it is said: 'There is no such implied obligation on the part of municipal corporations and no such relation between them and officers which they are required by law to elect as will oblige them to make compensation to such officers unless the right to it is expressly given by law, ordinance, or by contract. Officers of a municipal corporation are deemed to have accepted their office with knowledge of and with reference to the provisions of the charter or incorporating statute relating to the services which they may be called upon to render and the compensation provided therefor. Aside from these, or some proper by-law, there is no implied *assumpsit* on the part of the corporation with respect to the services of its officers. In the absence of express contract, these determine and regulate the right of recovery and the amount.' Many cases are cited in the notes in support of the text."

With this disposition of the appeal, rulings upon the constitutional questions presented, or sought to be presented, are pretermitted. *S. v. Ellis,* 210 N. C., 166, 185 S. E., 663. It is not after the manner of appellate courts to pass upon constitutional questions, even when properly presented, if there be also present some other ground upon which the case may be made to turn. *Newman v. Comrs.,* 208 N. C., 675, 182 S. E., 453; *Wood v. Braswell,* 192 N. C., 588, 135 S. E., 529. "It is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case." *Mr. Justice Peckham* in *Burton v. U. S.,* 196 U. S., 283. The rule is that if a case can be decided on either of two grounds, one involving a constitutional

question, the other a question of lesser moment, the latter alone will be decided. *Siler v. L. & N. R. R.,* 213 U. S., 175; *Light v. U. S.,* 220 U. S., 523; *In re Parker,* 209 N. C., 693, 184 S. E., 532.

For the error as indicated in directing the verdict the defendants are entitled to a new trial. It is so ordered.

New trial.