THOMAS J. HILL ET AL. V. GEORGE L. STANSBURY ET AL.

(Filed 19 May, 1943.)

**1. Public Officers §§ 7a, 8—**

In a civil action by taxpayers against county commissioners and against the treasurer of the county to recover moneys paid to such treasurer in excess of his annual salary as fixed by law, where the evidence tended to show that the county treasurer's salary was fixed at $1,800 a year in 1927, and that in 1931, agreeable to the Machinery Act of that year, the commissioners designated the county treasurer to receive tax prepayments and for this extra service allowed him $1,200 per year additional, and again in 1939 allowed him $240 more per annum, both without legislative authority, judgment of nonsuit as to the commissioners was properly allowed under the express provisions of C. S., 3206, there being no evidence of bad faith, etc., while such judgment as to the county treasurer is reversed.

**2. Public Officers § 5—**

A person, accepting a public office with a fixed salary, is bound to perform the duties of the office for the salary; and he cannot claim additional compensation even though the salary is inadequate; nor is the case altered by subsequent statutes or ordinances increasing his duties and not his salary. He takes the office *cum onere*.

APPEAL by plaintiffs from *Bobbitt, J.,* at January Term, 1943, of GUILFORD.

Civil action by taxpayers to recover on behalf of the county moneys paid to the county treasurer in excess of his salary as fixed by law.

The facts are these:

1. During the intervals here in question the salary of the county treasurer of Guilford County was fixed at $1,800 a year pursuant to ch. 247, Public-Local Laws 1927.

2. In 1931, the board of commissioners of Guilford County, agreeably to the provisions of the Machinery Act, ch. 428, sec. 805 (8), Public Laws 1931, designated the then county treasurer, W. C. Coble, to receive tax prepayments, made between 1 July and 1 October of any year, and for this extra service he was allowed $1,200 per annum.

3. In January, 1939, the defendant, W. Clarence Johnson, succeeded W. C. Coble as treasurer of Guilford County.

4. It is alleged, and there is evidence tending to show, that pursuant to appropriations made by the commissioners of Guilford County, the treasurer was paid from February, 1939, through June, 1941, at the rate of $3,000 per annum; and from July, 1941, through October, 1941, he was compensated at the rate of $3,240 per annum.

5. On 3 September, 1941, in accordance with the provisions of C. S., 3206, three of the plaintiffs herein served written demand upon the

defendants to institute a suit for the recovery of the excessive salary unlawfully received by the treasurer and unlawfully appropriated by the county commissioners. After the lapse of 60 days with no suit being instituted, this action was begun to recover for the benefit of the county the aforesaid sums in excess of the amounts allowed by law.

6. Over objection, the defendants were permitted to offer evidence tending to show that the services rendered by the defendant, W. Clarence Johnson, as Prepaid Tax Collector, were well worth the additional sums allowed and paid him.

From judgments of nonsuit entered (1) as to the county commissioners at the close of plaintiffs' evidence, and (2) as to the treasurer upon consideration of all the evidence, the plaintiffs appeal, assigning errors.

*L. P. McLendon, Andrew Joyner, Jr., and York & Boyd for plaintiffs, appellants.*

*Clifford Frazier, King & King, and D. Newton Farnell, Jr., for defendants, appellees.*

STACY, C. J. This is one of the cases that was here at the Spring Term, 1942, on motion to strike portions of the pleadings, reported in 221 N. C., 339, 20 S. E. (2d), 308.

### I. THE ACTION AGAINST THE COMMISSIONERS.

The case as made out against the individual members of the board of county commissioners is wanting in sufficiency to show that they acted in bad faith, corruptly, or from motives of malice. Hence, on authority and under the express provisions of C. S., 3206, the judgment of nonsuit as to them must be sustained. *Old Fort v. Harmon,* 219 N. C., 245, 13 S. E. (2d), 426; *Moore v. Lambeth,* 207 N. C., 23, 175 S. E., 714.

### II. THE ACTION AGAINST THE TREASURER.

The action against the treasurer stands on a different footing from the one against the commissioners. He received the money.

It is to be observed *imprimis* that no new office was created when the commissioners, or the governing body of the county, pursuant to the provisions of the Machinery Act, ch. 428, sec. 805 (8), Public Laws 1931, designated the county treasurer as receiver of tax prepayments, or "Prepaid Tax Collector" as he is spoken of in the record. Otherwise the constitutional provision in respect of double office-holding might call for some attention. *Brigman v. Baley,* 213 N. C., 119, 195 S. E., 617. All that was done, and all that the commissioners were authorized to do, was to designate, from among the officers named in the statute, the one to

receive the tax prepayments. *Freeman v. Comrs. of Madison,* 217 N. C., 209, 7 S. E. (2d), 354. True, this added new duties to the office of the one designated, but no additional compensation was authorized to be paid therefor. *Comrs. v. Credle,* 182 N. C., 442, 109 S. E., 88; *Borden v. Goldsboro,* 173 N. C., 661, 92 S. E., 694.

The general rule is, that where the duties of an officer have been increased by the addition of other duties germane to his office, in the absence of legislation authorizing an increase in his salary, such additional duties are to be performed without extra compensation. *U. S. v. King,* 147 U. S., 676; Anno. L. R. A., 1918 E, 761. In other words, extra compensation is not ordinarily allowed to officers for extra work, without legislative sanction. *Hoyt v. U. S.,* 13 U. S., 10 How., 109. See *Comrs. v. Davis,* 182 N. C., 140, 108 S. E., 506, where legislative authority for increasing compensation was implied. It is to be noted, however, that the rule does not extend to services rendered in an independent employment, not incidental to the duties of the office, such as might have been performed by some other person. *Converse v. U. S.,* 62 U. S., 21 How., 463; *Detroit v. Redfield,* 19 Mich., 376.

The compensation for official services is fixed by law. In some cases it may be extravagant; in others wholly inadequate. 43 Am. Jur., 150. It is not a matter of *assumpsit* or *quantum meruit.* *Reed v. Madison County,* 213 N. C., 145, 195 S. E., 620; *Osborne v. Canton,* 219 N. C., 139, 13 S. E. (2d), 265. Then, too, the work may become onerous from changed conditions or increased duties, but nothing in addition to the statutory reward may be claimed by the officer, however disproportionate to the value of his services it may be or may become. In such case he must content himself with the salary and fees allowed by law, and look to the bounty of the General Assembly for any additional remuneration. One who takes a public office is deemed to hold it *cum onere.* 37 Am. Jur., 879; 43 C. J., 691; McQuillin on Municipal Corporations, Vol. 2, sec. 544; Dillon on Municipal Corporations, Vol. I, 731; *Borden v. Goldsboro, supra.*

"It is a well settled rule, that a person accepting a public office with a fixed salary, is bound to perform the duties of the office for the salary. He cannot legally claim additional compensation for the discharge of these duties, even though the salary may be a very inadequate remuneration for the services. Nor does it alter the case that by subsequent statutes or ordinances his duties are increased and not his salary. His undertaking is to perform the duties of his office whatever they may be from time to time during his continuance in office for the compensation stipulated—whether these duties are diminished or increased. Whenever he considers the compensation inadequate, he is at liberty to resign"— *Potts, J.,* in *Evans v. City of Trenton,* 24 N. J. S., 764.

The salary of the treasurer of Guilford County was increased by the General Assembly of 1943, Senate Bill 57 (Laws not yet published), but the act providing for the increase does not purport to validate the excessive payments heretofore made or to affect the amounts here in suit.

It follows, therefore, that the additional amounts paid to the treasurer, over and above his salary of $1,800 a year as fixed by law, constitutes overpayments to which he is not entitled. *Carolina Beach v. Mintz,* 212 N. C., 578, 194 S. E., 309.

On appeal in respect of the commissioners, Affirmed.

On appeal in respect of the treasurer, Reversed.