GEORGE L. STANSBURY v. GUILFORD COUNTY.

(Filed 31 January. 1946.)

1. **Judgments § 33b—Consent judgment stipulating that it should be without prejudice bars identical claims, but not other claims arising on same facts.**

In an action instituted by taxpayers on behalf of the county one of the causes alleged was to recover the amount of increase in salary which had been paid the chairman of the board of county commissioners. The court denied the taxpayers recovery on this cause and the action was terminated by consent judgment which provided that it should be without prejudice to the legal rights of the parties. The county accepted the

proceeds of the judgment entered therein on the other causes of action and became a party to the action. In an action entered simultaneously and in which the county treasurer and accountant were made parties a temporary order restraining the payment of the increase in salary to the chairman was made permanent by a consent judgment which stipulated that it should not be binding on the parties in any subsequent litigation involving the same matter. *Held:* The prior actions do not bar an action by the chairman of the board of county commissioners to recover the increase in salary for the months subsequent to the date of the institution of the prior actions nor any defenses the county might have to such recovery, but does bar the county from seeking to recover as a counterclaim the increase in salary which had been paid to the chairman prior to the institution of the actions, since the prior judgment was not intended to preclude claims which were not specifically adjudicated therein even though arising on the facts, but is a bar to further litigation of the identical claims therein determined.

2. **Public Officers § 11—Emoluments of chairman may not be increased upon his appointment as manager when no additional duties are imposed.**

The resolution of a county board of commissioners recited that the chairman for two years previous had been performing the duties of all time chairman, and stipulated that he was to continue to devote his entire time to county affairs, acting as whole-time chairman, and that his compensation thereafter should be $350 per month. G. S., 153-20. *Held:* The resolution imposed no additional duties upon the chairman but was solely to adjust the chairman's compensation, and therefore, under the facts of this case, the board of commissioners was without authority to increase the salary above that prescribed by the pertinent statute. (Ch. 427, Public-Local Laws of 1927.)

APPEAL by defendant from *Alley, J.,* at September Term, 1945, of GUILFORD (Greensboro Division).

Civil action instituted 20 February, 1944, for the recovery of $2,600.00 from the defendant, alleged to be due as a balance on salary.

This cause was heard by his Honor upon an agreed statement of facts, a jury trial having been waived by the parties. The essential parts of the agreed statement of facts are as follows:

1. Chapter 427 of Public-Local Laws of 1927, ratified 3 March, 1927, fixed the salary of the Chairman of the Board of Commissioners of Guilford County at $1,800.00 per annum.

2. Chapter 91, Public Laws of 1927, ratified 7 March, 1927, is a comprehensive Act, which applies to all the counties of the State and provides, among other things, for the appointment of County Managers. Section 5 of the Act, G. S., 153-20, reads as follows:

"*Manager Appointed or Designated.* The Board of County Commissioners may appoint a county manager who shall be the administrative head of the County Government, and shall be responsible for the admin-

istration of all the departments of the County Government which the board of county commissioners has the authority to control. He shall be appointed with regard to merit only, and he need not be a resident of the county at the time of his appointment. In lieu of the appointment of a county manager, the board may impose and confer upon the chairman of the board of county commissioners the duties and powers of a manager, as hereinafter set forth, and under such circumstances said chairman shall be considered a whole time chairman. Or the board may impose and confer such powers and duties upon any other officer or agent of the county who may be sufficiently qualified to perform such duties, and the compensation paid to such officer or agent may be revised or adjusted in order that it may be adequate compensation for all the duties of his office. The term 'manager' herein used shall apply to such chairman, officer, or agent in the performance of such duties."

Section 8 of said Act, G. S., 153-23, is as follows:

"*Compensation.* The county manager shall hold his office at the will of the board of commissioners, and shall be entitled to such reasonable compensation for his services as the board of commissioners may determine. The board shall also fix the compensation of such subordinate officers, agents and employees as may be appointed by the county manager."

3. The Board of Commissioners of Guilford County, on 2 January, 1939, passed the following resolution:

"Resolved, that Whereas, the financial affairs of Guilford County have increased to such a degree as to require the whole time services of the Chairman of this Board, and Whereas, the said Chairman has for the past two years been performing the duties of an all time chairman, and Whereas, the compensation which he has received for such services has been inadequate:

"Now, Therefore, it is the desire of this Board that its chairman, George L. Stansbury, continue to devote his entire time to the affairs of the County acting as whole time chairman under Section 1302 (5) of the Consolidated Statutes of North Carolina, and that his compensation be fixed at $350 per month, beginning December 1, 1938."

The plaintiff did not vote on the above resolution.

4. That from 2 January, 1939, to 7 December, 1942, the plaintiff devoted his entire time to the affairs of the county, acting as whole time chairman, pursuant to said resolution.

5. That from 1 January, 1939, until 31 October, 1941, both inclusive, the plaintiff received from Guilford County each month a salary of $350.00.

6. Beginning with November, 1941, until 7 December, 1942, the expiration of the plaintiff's term of office as a Commissioner of Guilford

County, the county paid the plaintiff only $150.00 per month, although he continued to act as a whole time chairman during said period.

7. On 10 November, 1941, Thomas J. Hill and others, citizens and taxpayers of Guilford County, for and on behalf of said county, instituted an action in the Superior Court of Guilford County against the plaintiff and other County Commissioners serving at that time, to recover numerous alleged illegal payments made and authorized by said Commissioners. The sixth cause of action in said suit was to recover from this plaintiff and the other Commissioners of Guilford County the difference between $150.00 per month, the salary paid prior to the adoption of the above resolution and $350.00 per month, paid pursuant to the terms of said resolution.

8. At the same time the above suit was instituted, the same plaintiffs instituted an action against Guilford County, the members of its Board of Commissioners, the Treasurer of Guilford County and the County Accountant. Simultaneously with the issuing of the summons in said action, the court made an order temporarily restraining and enjoining the defendants from making payment to George L. Stansbury, the plaintiff in this action, of any sum in excess of $150.00 per month, as salary as Chairman of the Board of Commissioners of Guilford County. This temporary restraining order was made permanent by consent of all parties thereto, 5 October, 1942, but the judgment contained a stipulation that said judgment should not be binding on the parties thereto in any subsequent litigation involving the same subject matter or any interest therein.

9. In the cause of action to recover the difference between $150.00 and $350.00 per month, paid to this plaintiff from January, 1939, until and including October, 1941, the court denied plaintiffs a recovery on this part of their claim, and the action was terminated by a consent judgment with a proviso that said judgment was entered without prejudice to the legal rights of any of the parties thereto.

The plaintiff now seeks to collect as additional compensation the sum of $200.00 per month from 1 November, 1941, until 7 December, 1942, or a total of $2,600.00.

The defendant sets up as a defense and counterclaim, a claim for the refund of all sums paid to this plaintiff in excess of $150.00 per month, from 2 January, 1939, to 1 November, 1941, being the identical claim litigated in the above action brought by Hill, et al., against Stansbury, et al., for and on behalf of Guilford County. To this counterclaim the plaintiff pleads the three-year statute of limitations.

The court below held as a matter of law "That Chapter 91 of the Public Laws of 1927, supersedes and repeals, as to the salary of the Chairman of the Board of Commissioners of Guilford County, the pro-

.visions of Chapter 427 of the Public Laws of 1927;" and that the proceedings of the board relative to compensation of the plaintiff were regular and authorized by law, and the plaintiff is entitled to receive the additional compensation in accordance with the provisions of the resolution adopted by said board on 2 January, 1939. Judgment was entered for plaintiff. Defendant appealed.

*Clifford Frazier, R. R. King, Jr., and D. Newton Farnell, Jr., for plaintiff.*
*Thos. C. Hoyle and Rupert T. Pickens for defendant.*

DENNY, J. The judgments entered in the actions referred to in the above statement of facts and pleaded by the respective parties in this action, are not binding on the parties hereto, except as to the specific claims litigated therein. Consequently, the plaintiff has the right to pursue his claim against the defendant for alleged additional compensation, which claim was not adjudicated in the former litigation. Likewise, the defendant, for whose benefit one of the former actions ·was brought, has the right to assert its defense to plaintiff's claim, notwithstanding the decision in such action, which, among other things, involved the same legal questions presented on this appeal.

Chapter 91, Public Laws of 1927, authorizes the Board of County Commissioners in any county, to appoint a county manager. The Act provides further: "In lieu of the appointment of a county manager, the board may impose and confer upon the chairman of the board of county commissioners the duties and powers of a manager, as hereinafter set forth, and under such circumstances said chairman shall be considered a whole time chairman. Or the board may impose and confer such powers and duties upon any other officer or agent of the county who may be sufficiently qualified to perform such duties, and the compensation paid to such officer or agent may be revised or adjusted in order that it may be adequate compensation for all the duties of his office. The term 'manager' herein used shall apply to such chairman, officer, or agent in the performance of such duties."

It will be noted that the adjustment of compensation is limited to such officer or agent as may be designated in lieu of naming a whole time chairman or county manager, and we think the term "manager" which shall apply to such chairman, officer or agent, in the performance of his duties, is used here to indicate the powers and duties which may be conferred upon a whole time chairman, other officer or agent who may be acting in lieu of a county manager.

All the powers and duties of a county manager may·be delegated to the chairman of a Board of County Commissioners, or other officer or

agent of the county, but such duties must be assumed and carried out in his capacity as such chairman, officer or agent, and the mere delegation of such additional powers and duties does not create a new office. Otherwise, the question of double office holding would confront us, as pointed out in *Hill v. Stansbury,* 223 N. C., 193, 25 S. E. (2d), 604, citing *Brigman v. Baley,* 213 N. C., 119, 195 S. E., 617.

No additional duties were imposed upon the plaintiff by the resolution adopted by the Board of Commissioners of Guilford County, 2 January, 1939, which purported to fix the salary of the plaintiff at $350.00 per month. The resolution contains the statement that the plaintiff had been performing the duties of a whole time chairman for two years prior thereto. Therefore, the primary purpose of the resolution was to adjust plaintiff's compensation and not to change or enlarge his duties. It is conceded that the duties performed by the plaintiff were germane to his office, and there is no contention that the plaintiff's services were not satisfactory or that the compensation fixed in the resolution was excessive. The challenge is solely to the authority of the Board of Commissioners of Guilford County to pay the plaintiff more than the $1,800.00 authorized by chapter 427, Public-Local Laws of 1927. *Kendall v. Stafford,* 178 N. C., 461, 101 S. E., 15.

Conceding, but not deciding, that there is implied legislative authority for the payment of additional compensation to the plaintiff, we think the Board of Commissioners, of which plaintiff was a member, was without legal authority to increase the salary of the plaintiff in excess of that expressly fixed by statute. *Hill v. Stansbury, supra; Reed v. Madison,* 213 N. C., 145, 195 S. E., 620; *Carolina Beach v. Mintz,* 212 N. C., 578, 194 S. E., 309; *Commissioners of Brunswick v. Walker,* 203 N. C., 505, 166 S. E., 385; *Kendall v. Stafford, supra; Borden v. Goldsboro,* 173 N. C., 661, 92 S. E., 694; *Snipes v. Winston,* 126 N. C., 374, 35 S. E., 610. The verdict below must be reversed.

As heretofore stated, the counterclaim of the defendant, pleaded herein, was adjudicated in the former action brought by Hill *et al. v.* Stansbury *et al.,* on behalf of Guilford County and for its benefit. Guilford County not only ratified and approved the action of its citizens in initiating that action, but accepted the proceeds of the judgment entered therein, and became a party thereto. See *Hill v. Stansbury,* 224 N. C., 356, 30 S. E. (2d), 150. We think the proviso in the judgment in the former action was not intended to authorize the further adjudication of the same claims adjudicated therein, but the judgment was intended to be without prejudice to the parties, as to other claims or defenses thereto not expressly adjudicated therein, but arising out of the same factual situation. Hence, we hold that the defendant by accepting the benefits of the

judgment in the former action is estopped from asserting the counterclaim herein pleaded.

The judgment of the court below is

Reversed.