## TOM M. KING, Respondent, v. RIVERLAND LEVEE DISTRICT, Appellant.*

St. Louis Court of Appeals.    Opinion Filed January 5, 1926.

1. **PUBLIC OFFICERS:** Compensation: Statute: Incidental to Office. Compensation to a public officer is a matter of statute and not of contract, and compensation exists, if it exists at all, solely as the creation of the law and then is incidental to the office.

2. ———: ———: ———: ———: Officer's Services Gratuitous Unless Compensation is Provided by Statute. The rendition of services by a public officer is to be deemed gratuitous unless a compensation therefor is provided by statute, and if by statute compensation is provided for in a particular mode or manner, then the officer is confined to that manner and is entitled to no other or further compensation, or to any different mode of securing the same.

3. **DRAINS AND LEVEES:** Levee District: Taxes: Collector by Execution Sales: Paid Direct to District Treasurer by Sheriff: County Collector: Not Entitled to Commission. A collector of revenue of a county, under article 9 of chapter 28, Revised Statutes 1919, is not entitled to any commission on taxes collected by suit brought and sales had of the property on execution for delinquent levee taxes where the money is paid by virtue of such sales and executions and paid direct to the treasurer of the levee district by the sheriff.

---

*Headnotes 1. Officers, 29 Cyc., pp. 1422, 1423; 2. Officers, 29 Cyc., p. 1423; 3. Levees, 36 C. J. Section, 72.

Appeal from the Circuit Court of Pike County.—*Hon. Edgar B. Woolfolk*, Judge.

REVERSED.

*J. W. Matson* for appellant.

*Ras. Pearson* for respondent.

BECKER, J.—This is a suit instituted by Tom M. King, Collector of Revenue of Pike county, Missouri, to recover from the Riverland Levee District, a corporation organized under article 9, chapter 28, Revised Statutes of Missouri, 1919, a commission of two per cent on the sum turned over to defendant by the sheriff as the proceeds of sale on execution under a judgment obtained by said defendant upon delinquent levee tax bills. Plaintiff recovered below and the defendant in due course appeals.

This case was tried and submitted upon the following agreed statement of facts:

"Agreed statement of this cause submitted under sections 1548 and 1549 of article 17, chapter 12, Revised Statutes 1919 of Missouri.

"Now, this day come the parties in the above entitled cause, and agree to submit this cause to the circuit court of Pike county, Missouri, for determination and for the purpose of this submission only, agree that the following are the facts upon which this cause is to be decided:

"Plaintiff was on the 1st day of March, 1919, duly elected and qualified as the collector of revenue of Pike county, Missouri, and continued to be said collector until the 1st day of March, 1923; that at all times during the said period, plaintiff, as said collector, performed all the duties required of him by law, in relation to the collection of taxes due, or claimed to be due the defendant, and as said collector during said time was entitled to whatever commission the law provides, shall be paid to

the collector of the revenue of Pike county, Missouri, upon taxes collected and paid to said defendant, or to any of the officers of said defendant for said defendant.

"That the defendant was on or about the 2nd day of September, 1914, in said circuit court duly incorporated, and organized under the law, relative to the organization of levee districts, by circuit courts of the State of Missouri, and has continued to, and is still existing as such levee district corporated since that time. That the defendant and its officers and employees have performed all the duties and requirements of the law, relating to such organizations.

"That certain taxes for the year 1921 due the defendant, became delinquent and defendant instituted suit in this court for said taxes against the Riverland Farms Co., a corporation, George E. Lynott, Bank of Louisiana, a corporation, Sam Sparrow and Pike County Land Company, a corporation, and a judgment, a copy of which is hereto attached, and made a part hereof, was duly and regularly rendered by this court in favor of the defendant, and against said defendants in said suit, for said taxes. That afterwards an execution was issued on said judgment, as shown by a copy of said execution hereto attached, and made a part of this agreement, and a sale of the land described in said judgment, and in said execution, was duly and regularly had, by virtue of said judgment and execution by the sheriff of Pike county, Missouri, and from the proceeds of said sale, the sum of $8204.96 for the taxes and the interest then due thereon to the defendant, under said judgment and said execution realized and paid to said sheriff, the said amount of taxes and the interest thereon so collected was paid by said sheriff direct to the treasurer of this defendant, and by said treasurer paid to this defendant, and said amount so paid was not for any commission taxed as costs for the plaintiff.

"That plaintiff claims that he is entitled to a commission of two per cent on said amount of said taxes and the interest thereon totaling $164.09, so collected by said

sheriff, under and by virtue of said sale under said judgment and said execution, and so paid by said sheriff to said treasurer of the defendant and by said treasurer paid to the defendant, the same as though said amount of taxes and interest had been collected by the plaintiff before suit and by plaintiff paid to said treasurer of defendant and by treasurer paid defendant.

"The defendant herein denies that plaintiff is entitled to said commission, or any part of the same, on said taxes and the interest thereon so collected and paid as aforesaid, and that question on the facts herein agreed upon, is hereby submitted to the court for its determination in this cause."

It is no longer open to question but that compensation to a public officer is a matter of statute and not of contract, and that compensation exists, if it exists at all, solely as the creation of the law and then is incidental to the office. [State ex rel. Evans v. Gordon, 245 Mo. 12, l. c. 27, 149 S. W. 468; Sanderson v. Pike County, 195 Mo. 598, 93 S. W. 942; State ex rel. Troll v. Brown, 146 Mo. 401, 47 S. W. 504.] Furthermore our Supreme Court has cited with approval the statement of the general rule to be found in State ex rel. Wedeking v. McCracken, 60 Mo. App. l. c. 565, to the effect that the rendition of services by a public officer is to be deemed gratuitous, unless a compensation therefor is provided by statute and that if by statute compensation is provided for in a particular mode or manner, then the officer is confined to that manner and is entitled to no other or further compensation, or to any different mode of securing the same. [State ex rel. Evans v. Gordon, supra.]

What, then, do our statutes provide, if anything, upon the question in issue here? It is conceded that "practically all the law" governing the rights of the collector to commissions on delinquent levee taxes so far as the instant case is concerned, is set forth in article 9, chapter 28, Revised Statutes of Missouri, 1919.

Said chapter 28, which is devoted exclusively to "Drains and Levees," comprises eleven articles. Article

1 thereof which deals with the organization of drainage districts by circuit courts, provides by section 4426 that delinquent drainage taxes shall be certified by the Secretary of the Board of Supervisors to the county treasurer as *ex officio* collector of delinquent taxes, who shall collect such delinquent drainage taxes at the same time and in the same manner as is herein provided for the collection of delinquent drainage taxes in counties not under the provisions of chapter 121, Revised Statutes of Missouri, 1919; and further provides that the lien of such taxes shall be enforced and suits to collect such delinquent taxes shall be instituted by the drainage district on tax bills duly made out and certified by the county treasurer as *ex officio* collector of delinquent taxes.

Article 2 provides for the organization of entire counties into drainage districts by the county court, such districts having the benefits of article 1.

Article 3 relates to drainage district organizations by county courts upon petition of a majority of the landowners therein, and the levying of a tax therefor, which shall be levied upon the lands within the district and that such tax *shall be collected by the collector of the county in the same manner that the State and county taxes are now collected.*

Article 4 provides for the construction and improvement of ditches, water courses and levees by county courts by petition and the drainage taxes provided for therein, when they shall have become delinquent, shall be recovered by a suit *"brought by the attorney for the drainage district in the name of, and to the use of the collector of revenue of the county wherein the land lies,* against the land or other property on which such drainage tax has not been paid."

Article 5 deals with the drainage of swamp lands by county courts upon petition, without forming drainage districts, and provides that the tax levied under the provisions of this article *shall be collected by the county collector and their collection enforced, "in the same manner*

*as other taxes for general purposes and shall be equally
a lien upon the land assessed until paid."*

Article 6 provides for the drainage of lands by individuals for agricultural or sanitary purposes without forming such land into a district. In case the owners of the land benefited are unable to agree among themselves as to the manner of constructing the ditch or levee or laying the tile or letting the contract for the same, the county court shall have the power to let the work of construction out to the lowest bidder and apportion the cost to each tract or parcel of land in proportion to the benefits derived, and such costs shall become a lien thereon, *which levy shall be enforced by suit, "brought on bills properly made out and certified to by the county collector, such suit to be brought in the name of the State at the relation of the interested party or parties in any court of competent jurisdiction."*

Article 7 provides for fees for services rendered in organizing drainage and levee districts; section 4575 thereof provides that county and township collectors for collecting county taxes for drainage and levee districts shall receive one per cent of all such taxes collected, and for the collection of delinquent taxes for such districts they shall receive two per cent of the sum collected.

Article 8 deals with the organization of sanitary drainage districts by cities of three hundred thousand inhabitants and counties adjoining same, and it is therein provided that in such cities sanitary drainage districts may be established and special taxes are provided therein to provide means to carry into effect the objects for which such sanitary district is formed. It is therein further provided that *such special taxes "shall be collected and enforced by the same officers and in the same manner as provided for state and county taxes;"* this section also authorizes any city or incorporated town or village, etc., to construct sewers, etc., and to issue special tax bills therefor, such special tax bills to be issued "to the contractors or to persons rendering services or furnishing materials in their sub-district under contract or

agreement with the Board of Trustees, or etc., in full
settlement for all sums that may be due. . . ."

Next we come to article 9 which provides for the
organization of levee districts by circuit courts. It is
under the provisions of this article that the defendant is
incorporated as a levee district.

Article 9, so far as it had any bearing upon the ques-
tion in hand provides by section 4615 that the Board of
Supervisors of the levee district must levy a tax and di-
rects that the secretary of the board shall prepare a list
of all taxes levied, the book containing such list being
designated the "Levee Tax Record;" and section 4616,
among other things, provides that the annual settlement
and levy shall be evidenced and certified by the board
not later than December 1st of each year to the collector
of the revenue of each county in which lands and other
property of such levee district are situated; and sec-
tion 4617 provides that the collector shall receive the
"Levee Tax Book" each year and makes it his duty to
promptly collect such tax and at the time when he col-
lects State and county taxes due on the same lands and
other properties, and then provides that the said col-
lector shall make due return of all levee tax books each
year to the said Board of Levee Supervisors, and shall
pay over and account for all moneys collected thereon
to the treasurer of said district at the same time he pays
over State and county taxes; and it is further provided
therein that within ten days after the return of the
"Levee Tax Book" by the collector, the secretary shall
prepare and certify to the collector a "Levee Back Tax
Book" containing the list of lands and other property so
returned by said collector as delinquent, "and said col-
lector shall proceed to collect such delinquent levee taxes,
and demand payment therefor in the same manner as
herein provided for the collection of current levee taxes."

Section 4618 provides that all taxes remaining un-
paid after December 31st of the year for which said

tax was levied shall become delinquent and bear a penalty of two per cent per month until paid.

Section 4619 provides a penalty for the failure, refusal or neglect of the collector to make prompt payment of the taxes or any part thereof *collected by him,* and then provides that "said collector *shall retain* for his services one per centum of the amount *he collects* on current taxes and two per centum of the amount *he collects* on delinquent taxes." (Italics ours.)

Section 4620 provides that all levee taxes together with all penalties for delinquency in the payment of the same, all costs in collecting same, including a reasonable attorney's fee, to be fixed by the court and taxed as costs in the action brought to enforce payment, shall constitute a lien upon all the lands and other property against which such tax shall have been levied.

Section 4621 among other things provides that said liens "shall be enforced by an action on delinquent tax bills, made and certified by the county collector, which action shall be instituted in the circuit court and *shall be brought in the corporate name of the levee district by its attorney* against the lands and other property on which such levee tax has not been paid," and "in all suits for the collection of delinquent taxes, the judgment for said delinquent taxes and penalties shall also include all costs of suit and a reasonable attorney's fee to be fixed by the court, recoverable the same as delinquent taxes and in the same suit. *The proceeds of sales made under and by virtue of this article shall be paid at once to the aforesaid treasurer and shall be accounted for by him the same as the levee tax.*" (Italics ours.)

Article 10 provides for the organization of levee districts by county courts and provides that the three directors of levees, known as the Board of Directors, may order the assessment of a tax on all the lands within the levee district to be benefited and that "the said tax shall be extended on the tax book . . . in the same manner as other taxes are now extended, in a column under

218 Mo. App.—32.

the heading of 'Levee fund taxes,' and shall be collected by the collector of the county in which the real estate is situated on which the taxes are levied at the same time the State and county taxes are collected . . . in the same manner as provided for by the general revenue law of the State for the collection of State and county revenue. *All taxes not collected shall be returned delinquent at the same time and in the same manner as provided by the general revenue laws for the return of delinquent tax lists and all writs for delinquent taxes assessed and levied, as aforesaid, shall be prosecuted in the name of the State of Missouri, at the same time, in the same manner and with like effect as writs are prosecuted under the general revenue laws of the State relating to the collection of delinquent and back taxes.*"     (Italics ours.)

Article 11 contains provisions relating to obstructing taxes, etc.

When we come to examine chapter 119 of the Revised Statutes of Missouri, 1919, which deals with "Taxation and Revenue," and particularly to article 9 thereof, which relates to delinquent and back taxes, we note that section 12944 makes it the duty of the collector to proceed to enforce the payment of the taxes . . . by suit . . . and for the purpose of prosecuting suits for taxes under this article, the collector shall have the power . . . to employ such attorneys as he may deem necessary. And section 12945 provides that all actions commenced under the provisions of this chapter *shall be prosecuted in the name of the State of Missouri at the relation and to the use of the collector* . . . and said petition shall show the different years for which the taxes are due, as well as the several kinds of taxes or funds to which they are due with the respective amounts due to each fund, all of which shall be set forth in a tax bill of such back taxes duly authenticated by the certificate of the collector and filed with the petition; and such tax bill so certified shall be prima-facie evidence that the amount claimed in said suit is just and collectible. And

section 12959 relating to fees that shall be allowed for services rendered under the provisions of this article, provides that the collector shall receive four per cent of all sums collected except in certain instances in which he shall receive two per cent on all sums collected—such per centum to be taxed as costs and collected from the party redeeming.

It is at once apparent from a reading of the several articles of chapter 28 that the Legislature has not made uniform provisions for the collecting of delinquent drainage or levee taxes by suit. As to the question whether the plaintiff herein as the collector of revenue for the county is entitled to a commission in the instant case as against the defendant under the provisions of article 9, chapter 28, Revised Statutes of Missouri 1919, we call attention to the fact that in all cases in which the general law with reference to the collecting of delinquent and back taxes pertains, *all actions for the collection of back taxes must be prosecuted in the name of the State of Missouri at the relation and to the use of the collector,* whereas section 4621 of article 9, which deals specifically with levee districts by circuit courts and under which section the defendant is duly incorporated, provides that the taxes "shall be enforced by an action on delinquent tax bills . . . *which shall be brought in the name of the levee district by its attorney. . . .* The proceeds of sales made under and by virtue of this article shall be paid at once to the aforesaid treasurer and shall be accounted for by him the same as the levee taxes."

Clearly then the Legislature has provided a separate and distinct method for prosecuting actions on delinquent tax bills in levee districts organized under article 9, chapter 28. Section 4621 specifically provides that the suit be brought in the corporate name of the district by its attorney; and by section 4624 a Board of Supervisors is specifically empowered to "employ an attorney to act for the district and to advise said board. Such employment shall be evidenced by an agreement in

writing . . . *such attorney shall conduct the legal proceedings and suits in court, which the district is a party or interested,* and shall in all legal matters advise the said Board of Supervisors, all officers and employees or agents of said district or board, and generally look after and attend to all matters of a legal nature for said board and district.''

When we compare the provisions of article 9 with the provisions of article 10, which also deals with levee districts but by county courts, we see that section 4559 of article 10, provides that ''all taxes not collected shall be returned delinquent at the same time and in the same manner as provided by the general revenue laws for the return of delinquent tax lists and all writs for delinquent taxes assessed and levied, as aforesaid, *shall be prosecuted in the name of the State of Missouri at the same time,* in the same manner and in like effect as writs are prosecuted under the general revenue laws of the State relating to the collection of delinquent and back taxes.''

And we have set out above section 12945 relating to actions on delinquent and back taxes under the general revenue laws of the State which provides that all suits shall be prosecuted in the name ''of the State of Missouri at the relation and to the use of the collector.'' It is clear to us that under the provisions of article 9, chapter 28 the collector of the county is not entitled to any commission for the collection of delinquent or back taxes which are collected by sale of property under execution on judgment obtained by the levee district in its corporate name. We are further strengthened in our view by the language of section 4619 which among other things provides that ''said collector *shall retain* for his services one per cent of the amount *he collects* on current taxes and two per cent of the amount *he collects* on delinquent taxes.'' This provision is consistent with our view above expressed since other sections of the statute provide not only for the collecting of the current taxes by the collector but also that when the taxes shall have

become delinquent, the secretary of the board shall prepare and certify to the collector a ''Levee Back Tax Book,'' containing the list of lands and other properties so returned by said collector as delinquent, and *that said collector shall proceed to collect such delinquent levee taxes, and demand payment therefor in the same manner as herein provided for the collection of county levee taxes.* In other words the collector in each such instance actually collects the current tax or delinquent tax and out of the funds so collected by him under said section 4619 the collector *''shall retain* for his services one per centum of the amount he collects on current taxes and two per centum of the amount he collects on delinquent taxes.'' It is also to be noted that no provision is found in article 9 authorizing the collector to proceed to collect the delinquent taxes by filing suit thereon as is provided by the general revenue laws of the State for the collection of State and county revenue, as is provided for in article 10 relating to levee districts under county courts.

It follows from what we have said above that we have come to the conclusion and so rule that the collector of revenue of a county under article 9 of chapter 28, Revised Statutes of Missouri, 1919, is not entitled to any commission on taxes collected by suit brought and sales had of the property on execution for delinquent levee taxes where the money is paid by virtue of such sales and executions and paid direct to the treasurer of the levee district by the sheriff.

In light of our ruling, supra, viewing plaintiff's action as one for money had and received under the agreed statement of facts before us, the delinquent taxes paid defendant by the sheriff lawfully belong to it and in equity and good conscience the defendant should be permitted to retain the same. The judgment is accordingly reversed. *Daues, P. J.,* and *Nipper, J.,* concur.