This is an action to recover on a bond executed by the defendant, W. H. Walker, register of deeds of Brunswick County, as principal, and the American Surety Company of New York as surety. Judgment was rendered in the action as follows:
"This cause came on for trial at the June Term, 1932, of Brunswick Superior Court, and it was agreed by the parties and their counsel in open court, that a jury trial should be waived, and that the presiding judge should hear the evidence, find the facts, and render judgment out of term or out of the county, to have the same effect as if rendered during the term.
From the evidence offered by the parties plaintiff and defendants, the court finds the following facts:
1. The board of commissioners of Brunswick County is a body politic and corporate, and at the November, 1930, election B. W. Benton, W. H. Varnum and J. J. Ludlum were duly elected as members of the board of commissioners of Brunswick County, and were duly qualified and inducted into office on the first Monday in December, 1930; at the general election in November, 1928, John J. Jenrette, H. L. Clemmons and Daniel R. Johnson were duly elected as county commissioners of said county and on 3 December, 1928, they were duly qualified and inducted into office, as required by law.
2. At the general election held in November, 1928, the defendant, W. H. Walker, was duly elected to the office of register of deeds of Brunswick County for a term of two years, and on the first Monday *Page 506 
in December, 1928, was duly qualified and inducted into office, and, thereafter, he served as register of deeds and clerk to the board of commissioners of said county until the first Monday in December, 1930.
3. Upon his induction into office, the defendant, W. H. Walker, filed with said board of commissioners a bond in the penal sum of $5,000, for the faithful performance of his duties as such register of deeds of said county; said bond having been signed and issued by the American Surety Company of New York, and the same was approved by the board of commissioners of said county, and was during the tenure of office of the said W. H. Walker in full force and effect. A copy of said bond is incorporated as part of article five of the complaint, and is made a part of this finding of fact.
4. Chapter 498, section 5, Public-Local Laws of North Carolina, session 1923, is as follows: `The register of deeds of Brunswick County shall receive a salary of two thousand dollars per annum, and shall be allowed one clerk or assistant at a salary to be fixed by the board of county commissioners.'
Section 6 of said act is as follows: `The board of commissioners may at their discretion increase the salary of any officer hereinbefore mentioned; provided, said increase shall not exceed five hundred dollars per annum.'
Section 7 of said act provides: `The officers hereinbefore mentioned shall faithfully perform all duties of their several offices imposed upon them by law, and shall receive no other compensation or allowance whatsoever for any extra additional service rendered to the county or State or other governmental agencies and they shall be liable to all the pains and penalties now or hereafter provided by law for failure to perform the duties of their several offices.'
5. The board of county commissioners of Brunswick County allowed the defendant, W. H. Walker, an additional salary of $500 per annum, under the provisions of the foregoing act; and during said term of office he drew a salary of $2,500 per annum, payable to him in monthly installments; and it was also provided by the board of commissioners that he should be allowed a clerk at an annual salary of $900, and in conformity therewith the defendant, W. H. Walker, employed a clerk, who was paid a salary of $900 per annum in accordance with the resolution of the board of commissioners.
6. There are several items declared upon in the complaint, but at the suggestion of the court, the plaintiffs withdrew all claims against the defendants except the two items hereinafter referred to.
7. The defendant, W. H. Walker, was defeated in the election of 1930, and on 28 November, 1930, the board of commissioners of Brunswick *Page 507 
County made a special allowance to him of $450, and on 29 November, 1930, said board of commissioners made an additional allowance to him of $425; both of said amounts were represented by vouchers drawn by the said W. H. Walker and countersigned by John Jenrette, chairman of the board of commissioners, purporting on their face to be for extra work done by the said W. H. Walker. Immediately thereafter, said vouchers were cashed by the said W. H. Walker, who thereby received from the county of Brunswick the sum of $875, the said sum being the total amount of said two vouchers.
8. The court finds as a fact that no written claim or demand, itemized or otherwise, was ever presented by the said W. H. Walker to said board of commissioners, covering said two vouchers; and the court further finds as a fact that he did not perform any extra work as register of deeds or otherwise, which would entitle him to additional compensation, his salary having been fixed by the General Assembly and the board of commissioners of said county at $2,500 per annum. The court, therefore, holds as a matter of law, that the payment of said vouchers amounting to $875, to the said W. H. Walker by the board of commissioners of Brunswick County was unlawful; that the issuance of said vouchers by the said W. H. Walker, was contrary to law, and the acceptance of the money represented thereby constituted a breach of duty on his part, and a breach of his official bond, which was given in accordance with section 3545 of the Consolidated Statutes, for the discharge of the duties of his office.
Wherefore, upon the foregoing facts, it is now considered, ordered and adjudged by the court that plaintiff have and recover of the defendants, W. H. Walker and the American Surety Company of New York, the sum of $5,000, the penalty of the bond in question, to be discharged upon the payment of the sum of $875, with interest thereon, at the rate of 12 per cent per annum, from 29 November, 1930, together with the costs of this action to be taxed by the clerk.
Done at Wilmington, N.C. this 5 July, 1932.
H. A. GRADY, Judge Presiding."
The defendant, the American Surety Company of New York, excepted to the judgment, and appealed to the Supreme Court.
The action of the board of commissioners of Brunswick County, on 28 and 29 November, 1930, in ordering the payment to the defendant, W. H. Walker, register of deeds of said county, and clerk *Page 508 ex officio of said board of commissioners (C. S., 3562), of the sums of $450 and $425, respectively, out of the money in the treasury of said county, was unlawful, not only because not authorized by law, but also because such action was in direct violation of an express provision of chapter 498, Public-Local Laws of North Carolina, 1923. The action of the defendant, W. H. Walker, in receiving said sums of money as compensation for extra services alleged to have been rendered by him as clerk ex officio
of the board of commissioners, was also unlawful, for the same reason. He had no right in law or in morals to retain said sums of money, when the board of commissioners, upon a change in its personnel following the election in November, 1930, demanded its return by him. His failure to return the money which he had unlawfully received, and which he unlawfully retained in his possession was a breach of his official bond, for which both he and his surety are liable to the board of commissioners of Brunswick County. S. v. Young, 106 N.C. 567, 10 S.E. 1019. There is no error in the judgment. It is
Affirmed.