TOWN OF CAROLINA BEACH v. NORMAN L. MINTZ AND NATIONAL SURETY CORPORATION.

(Filed 15 December, 1937.)

1. **Municipal Corporations § 11d—In action for misfeasance, officer may not challenge constitutionality of statute under which he was elected.**

   A person accepting office may not challenge the constitutionality of the statute under which he was elected in an action against him for official misconduct, or in an action to recover money received by him by virtue of his office, even though the statute under which he was elected is unconstitutional in prescribing ownership of property as a qualification of electors.

2. **Municipal Corporations § 11g—**

   A municipal officer is not entitled to receive any compensation for the performance of his duties as prescribed by statute in excess of the compensation stipulated in the statute.

3. **Same: Contracts § 7f—**

   The commissioners of a town may not lawfully elect one of their number clerk of the town, and contract to pay him for his services as such clerk, since such election and contract are void as being against public policy, nor may he claim compensation for acting as clerk upon the principal of *quantum meruit*.

4. **Municipal Corporations § 11d: Principal and Surety § 5a—Officer and surety are liable for sums received by officer in excess of salary.**

   Sums of money received by a municipal commissioner in excess of his compensation as fixed by statute may be recovered by the municipality in an action against him and his bondsman, nor may recovery be defeated upon the ground that he was elected clerk by the board of commissioners, since such contract is void, nor upon the principal of *quantum meruit* for services rendered as such clerk.

APPEAL by defendants from *Grady, J.,* at February Term, 1937, of NEW HANOVER. No error.

The plaintiff is a municipal corporation duly created, organized, and existing under and by virtue of the laws of the State of North Carolina.

On or about 25 April, 1933, the defendant Norman L. Mintz was duly elected commissioner of finance of the plaintiff, and pursuant to said election served as such commissioner for a term of two years, beginning on or about 1 May, 1933, and ending on or about 1 May, 1935.

The defendant National Surety Corporation was the surety on the official bond of the defendant Norman L. Mintz, commissioner of finance of the plaintiff from 16 February, 1934, until the expiration of his term.

This is an action to recover the sum of $807.75, which was paid by the plaintiff to the defendant Norman L. Mintz on vouchers which

were issued during his term of office and which were approved by him as commissioner of finance of the plaintiff. The said sum of $807.75 was paid by the plaintiff to the said defendant in addition to his lawful salary of $25.00 per annum as fixed by statute. Of said sum $417.80 was paid by plaintiff to said defendant and was received by him while his official bond, in the sum of $2,000, with the defendant National Surety Corporation as surety, was in force.

It is alleged in the complaint that the payment by the plaintiff to the defendant Norman L. Mintz of the sum of $807.75 during his term of office as commissioner of finance of the plaintiff, in addition to his lawful salary as fixed by statute, was unlawful, and that the receipt of said sum by the said defendant was in violation of his official duty and in breach of his official bond. This allegation is denied in the answer.

In their answer the defendants admit that the defendant Norman L. Mintz received the sum of $807.75, pursuant to vouchers issued to him during his term of office as commissioner of finance of the plaintiff, and approved by him as such commissioner, and that said sum was paid to the said defendant in addition to his lawful salary as commissioner of finance of the plaintiff. They allege that said sum of $807.75 was paid by plaintiff to said defendant for services rendered to plaintiff by him, and for expenses incurred by him in behalf of the plaintiff while he was acting as clerk of the plaintiff, and that for that reason said payment was lawful.

The defendants further allege in their answer that the defendant Norman L. Mintz, while acting as clerk of the plaintiff during his term of office as commissioner of finance, rendered services to the plaintiff, and incurred expenses in its behalf in the sum of $819.65, and that said sum has not been paid by the plaintiff to the said defendant. The defendant Norman L. Mintz prays judgment in this action that he recover of the plaintiff the sum of $819.65 as a counterclaim against the plaintiff.

At the trial, issues were submitted to the jury as follows:

"1. What amount of money in salary and commissions was paid to the defendant Norman L. Mintz by the plaintiff, town of Carolina Beach, and received by him over and above the salary of $25.00 per annum allowed him as commissioner of finance under the charter of the said town? Answer:.............

"2. What amount, if any, is the defendant Norman L. Mintz entitled to recover of the plaintiff, town of Carolina Beach, for services performed and moneys expended for the use and benefit of the plaintiff, as alleged in his cross bill and counterclaim? Answer:.............

"3. In what amount, if any, are the defendants Norman L. Mintz, as principal, and National Surety Company, as surety on the official bond

of Norman L. Mintz as commissioner of finance of the plaintiff, indebted to the plaintiff? Answer :..........."

Pursuant to instructions of the court in its charge, the jury answered the first issue "$807.75," the second issue "Nothing," and the third issue "$417.80."

From judgment in accordance with the verdict the defendants appealed to the Supreme Court, assigning errors in the trial.

*Kellum & Humphrey for plaintiff.*
*John D. Bellamy & Sons and Isaac C. Wright for defendants.*

CONNOR, J. Ch. 117, Private Laws of North Carolina, 1925, is entitled "An act to incorporate the Town of Carolina Beach in New Hanover County, State of North Carolina." This act in all its essential provisions is now and has been since 6 March, 1925, in full force and effect. By virtue of these provisions the plaintiff is a municipal corporation, duly created, organized, and existing under the laws of this State. Only the provision in sec. 4 of said act, which is reënacted by ch. 78, Private Laws of North Carolina, 1929, to the effect that "all persons owning property within the corporate limits of the town of Carolina Beach shall constitute the electors of the town of Carolina Beach, and be entitled to vote in any election for the officers of said town," was challenged by the plaintiff in *Smith v. Carolina Beach,* 206 N. C., 834, 175 S. E., 313. It was held in that case that the said provision is void, but that officers of said town elected in accordance with said provision, and who had duly qualified for the performance of the duties of their respective offices, were at least *de facto* officers of the town of Carolina Beach, and that for that reason the validity of their official acts could not be successfully challenged by the plaintiff, a resident of said town. In the instant case the defendant Norman L. Mintz, who accepted the office of commissioner of finance of said town, and performed the duties of said office for a term of two years, receiving the salary fixed by statute for the commissioner of finance, will not be heard to challenge the validity of his election and his right to hold said office.

One who has accepted an office to which he has been elected under a statute is not entitled to plead that such statute is unconstitutional in an action against him for official misconduct, or in an action to recover money received by him by virtue of said office, 12 C. J., p. 770, sec. 193, and cases cited in support of the text. Thus it was held by this Court in *Board of Education v. Kenan,* 112 N. C., 566, 17 S. E., 485, that a sheriff in an action to compel the payment of money collected by him under a tax levied for school purposes, and in his hands, cannot defend

the action by alleging the invalidity of the statute under which the tax was levied and collected.

Sec. 6 of ch. 117, Private Laws of North Carolina, 1925, is as follows:

"The commissioner of finance shall be the purchasing agent of the board of commissioners of the town and all property, supplies and material of every kind whatsoever shall, upon the order of the board of commissioners, be purchased by him, and when so purchased by him the bill therefor shall be submitted to and approved by the board of commissioners before warrants are issued therefor; when such warrants are issued they shall be signed by the said commissioner and countersigned by some other person designated by the board of commissioners; he shall be collector of all taxes; he shall collect all water rents; he shall issue licenses or permits as provided by law, ordinance, or resolution adopted by the board of commissioners, or, in the absence or inability of any commissioner to act, he shall exercise temporary supervision over the department assigned to said commissioner; subject, however, to the power of the board of commissioners to substitute some one else temporarily to perform any of such duties; he shall have control of all employees not by law, ordinance, or resolution of the board of commissioners apportioned or assigned to some other department; he shall have charge of and supervision over all accounts and records of the town, and accounts of all officers, agents, and departments required by law or by the board of commissioners to be kept or made; he shall regularly, at least once in three (3) months, inspect or superintend inspection of all records or accounts required to be kept in any of the offices or departments of the city, and shall cause proper accounts and records to be kept, and proper reports to be made, and shall, acting for the board of commissioners, audit or cause to be audited by an expert accountant, if he deem it necessary, annually, the accounts of every officer or employee who does or may receive or disburse money, and he shall publish or cause to be published annually statements showing the financial condition of the town; he shall examine or cause to be examined all accounts, pay rolls and claims before they are acted on or allowed, unless otherwise provided by law or by order of the board of commissioners; he shall collect all license fees, franchise taxes, rentals, and other moneys which may be due or become due to the town; he shall report the failure on the part of any person, firm, or corporation to pay money due the town; he shall report to the board of commissioners any failure on the part of any person, firm, or corporation to make such reports as are required by law, ordinance, or order of the board of commissioners to be made, and shall make such recommendations with reference thereto as he may deem proper. The assessor, auditor, town clerk, town attorney, and their respective officers of departments, and

all employees therein, and all bookkeepers and accountants are apportioned and assigned to the department of finance, and shall be under the direction and supervision of the commissioner hereof. He shall do and perform any and all services ordered by the board not herein expressly conferred upon some other department."

The duties of the commissioner of public works and of the commissioner of public safety are specifically set out in secs. 7 and 8 of the act.

Sec. 13 of the act is as follows:

"Sec. 13. *Salaries*. The mayor and commissioners shall have offices at the town hall. The compensation of the mayor and commissioners shall be as follows: Mayor and commissioner of public safety, twenty-five ($25.00) dollars per annum. Commissioner of public works and commissioner of finance, twenty-five ($25.00) dollars each per annum. Salaries shall be paid in equal monthly installments."

It is manifest that, by virtue of the provisions of sec. 13 of the act by which the plaintiff was created a municipal corporation, no sum in excess of twenty-five dollars per annum can be lawfully paid by the town of Carolina Beach to the commissioner of finance of said town as a salary for the performance by him of his duties as prescribed by sec. 6 of the act. Any sum so paid by the town or so received by a person holding the office of commissioner of finance of said town can be recovered of such person, and the surety on his official bond, by the town of Carolina Beach by an action begun and prosecuted for that purpose in a court of competent jurisdiction. See *Comrs. of Brunswick v. Walker*, 203 N. C., 505, 166 S. E., 385.

In the instant case the defendants contend that the sum of $807.75 was paid by the plaintiff to the defendant Norman L. Mintz for services rendered by him to the town of Carolina Beach and for expenses incurred by him in its behalf while acting as clerk of said town, pursuant to his election to that office by the board of commissioners of said town, and that for this reason said sum was lawfully paid by the plaintiff to the said defendant. This contention cannot be sustained.

Conceding that there was evidence at the trial of this action tending to show that the board of commissioners of the town of Carolina Beach elected Norman L. Mintz clerk of said town during his term of office as commissioner of finance of said town, and contracted to pay him for his services as such clerk, we must hold that such election and such contract were void as against public policy. See *Snipes v. Winston*, 126 N. C., 374, 35 S. E., 610. In that case it was held by this Court that the election by a board of aldermen of one of its members as "street boss" at a fixed salary was void as against public policy, and that plaintiff could not recover of the city on said contract for services rendered by him pursuant to such election.

The principle which supports the instructions by the court to the jury at the trial of this action is stated by *Clark, C. J.,* in *Davidson v. Guilford,* 152 N. C., 436, 67 S. E., 918, as follows:

"Independently of any statute or precedent, upon the general principles of law and morality, a member of an official board cannot contract with the body of which he is a member. To permit it would open the door wide to fraud and corruption. The other members of the board in allowing compensation thus to one of its members would be aware that each of them in time might receive contracts and good compensation and thus public office, instead of being a public trust, would become, in the language of the day, 'a private snap.'"

The defendant Norman L. Mintz has no right to retain any sum paid to him by the plaintiff during his term of office as commissioner of finance of the town of Carolina Beach in excess of his lawful salary, nor has he any right to recover of the plaintiff any sum for services by him while acting as clerk of said town upon the principle of *quantum meruit.* See *Borden v. Goldsboro,* 173 N. C., 661, 92 S. E., 694.

There was no error in the trial of this action. The judgment is affirmed.

No error.