TOWN OF OLD FORT v. J. F. HARMON, J. B. JOHNSON, GEORGE E. MOORE, H. R. EARLY AND T. R. KANIPE.

(Filed 5 March, 1941.)

Public Officers § 7a—Allegations that municipal officers elected alderman the chief of police and paid him salary of that office held insufficient to state action against officers individually.

This action was instituted by a municipality against its former mayor and its former aldermen alleging that defendants elected a member of the board of aldermen the chief of police, that the salary of the chief of police was paid by the municipality and that such payment constituted an illegal expenditure, since an alderman may not hold any other office or position with the municipality, and that defendants were indebted to the municipality in the amount of the salary so paid. The person elected chief of police and alleged to have received salary therefor was not made a party. The complaint failed to allege that defendants' action was malicious or corrupt or even wrongful and willful, and further failed to allege that the statutes which imposed the duties upon defendants which plaintiff alleged they breached, provided for individual liability for breach of said duties, and further failed to allege that the municipality did not receive adequate consideration for the moneys expended, and failed to allege intent on the part of defendants to evade the law. *Held:* Defendants' demurrer to the complaint was properly sustained. *Moore v. Lambeth,* 207 N. C., 23, cited and distinguished.

OLD FORT *v.* HARMON.

APPEAL by plaintiff from *Bobbitt, J.,* at September Term, 1940, of McDOWELL.

*G. F. Washburn and Whitlock, Dockery & Shaw for plaintiff, appellant.*
*Robert W. Proctor and W. R. Chambers for defendants, appellees.*

SCHENCK, J.· This is an appeal by plaintiff from judgment sustaining demurrers filed respectively by the defendant Harmon singly and by the other defendants jointly, upon the ground that the complaint fails to state facts sufficient to constitute a cause of action.

The complaint alleges that the plaintiff is a municipal corporation, and the defendant Harmon was mayor and the other defendants were. aldermen of said corporation, and that while serving as mayor and aldermen respectively the defendants "elected C. L. Tate, one of the members of the Board of Aldermen of the plaintiff with themselves, Chief of Police of the plaintiff," that from 1 May, 1935, to 1 May, 1937, said Tate, member of said board, "received from the funds of the plaintiff $1,625.00 salary as Chief of Police of the plaintiff," that "the payment of such sums of money to C. L. Tate was an illegal expenditure on the part of the defendants from funds of the plaintiff, the same being contrary to the laws of the State of North Carolina in that a member of the Board of Aldermen of a town cannot hold any other office or position of profit with such town;" that the defendants are indebted to the plaintiff in the sum of $1,625.00, with interest, and although demand has been made upon them therefor they have wrongfully refused to repay the same.

It will be noted that C. L. Tate, who is alleged to have been elected chief of police and to have received the money for acting as such, is not made a party defendant, but only those who are alleged to have elected him to such office. Therefore *Carolina Beach v. Mintz,* 212 N. C., 578, 194 S. E., 309; *Comrs. v. Walker,* 203 N. C., 505, 166 S. E., 385; *Davidson v. Guilford,* 152 N. C., 436, 67 S. E., 918; and *Snipes v. Winston,* 126 N. C., 374, 35 S. E., 610, in each of which cases the money involved was illegally paid or illegally authorized to be paid and was sought to be recovered or to be paid from or to the person who had received or sought to receive such money by virtue of such illegal authorization, are not applicable to the case at bar wherein the person to whom the money is alleged to have been illegally paid is not made a party defendant.

*Moore v. Lambeth,* 207 N. C., 23, 175 S. E., 714, was an action by taxpayers against the mayor and city commissioners, the city engineer and a contractor, to recover on behalf of the city of Charlotte money

alleged to have been paid upon a contract illegally entered into by the governing body of the city with a building contractor, wherein exorbitant amounts were paid for the work performed, and the present *Chief Justice* there writes: "But it is stressfully contended by the other defendants (mayor and board of commissioners) that what they did was done in their official capacity, and that no liability attaches to them as individuals in the absence of express statutory provision imposing such liability, unless they acted corruptly and of malice. For this position they rely, *inter alia,* upon the following authorities: *Noland v. Trustees,* 190 N. C., 250, 129 S. E., 577; *Hipp v. Ferrall,* 173 N. C., 167, 91 S. E., 831; *Templeton v. Beard,* 159 N. C., 63, 74 S. E., 735.

"The case rests upon another principle. Where public funds are wrongfully, wilfully and knowingly disbursed by municipal officers without adequate consideration moving to the municipality and with intent to evade the law, as found upon the present record, those responsible for such illegal withdrawal of said funds may be required to make good the loss to the public treasury. *Brown v. Walker,* 188 N. C., 52, 123 S. E., 633; 19 R. C. L., 1142; 43 C. J., 718."

While the *Moore case, supra,* is similar to the case at bar in that the members of the governing body of the city who authorized the payment under an illegal contract were sought to be held liable, it is widely different in that it is bottomed upon "public funds" being "wrongfully, wilfully and knowingly disbursed by municipal officers without adequate consideration moving to the municipality and with intent to evade the law." No such allegations appear in the complaint in the case at bar. The nearest approach thereto being that the payment to Tate "of such sums of money . . . was an illegal expenditure on the part of the defendants from funds of the plaintiff."

In the light of the fact that the strongest allegation against the defendants is that they authorized an "illegal expenditure," without any allegation of wrongful and willful action, much less of corruption or malice, without any allegation of violation of any statute imposing personal liability, without any allegation of failure of adequate consideration moving to the municipality for the funds expended, and without any allegation of intent to evade the law, we are of the opinion, and so hold, that *Noland v. Trustees, supra; Hipp v. Ferrall, supra; Templeton v. Beard, supra;* and *Old Fort v. Harmon, ante,* 241, are applicable to the case at bar, and that the demurrers of the defendants were properly sustained.

The judgment of the Superior Court is

Affirmed.