POLK TOWNSHIP, SULLIVAN COUNTY, MISSOURI, Appellant, v. EDWARD SPENCER, Respondent, No. 43383—259 S. W. (2d) 804.

Division Two, June 8, 1953.

Rehearing Denied, July 13, 1953.

98

*R. M. Gifford* and *A. B. Walker* for appellant.

*P. M. Marr* and *M. E. Montgomery* for respondent.

100

 BARRETT, C.—This is an action by Polk Township against Edward Spencer, a former member of the township board, to recover the sum of $1,172.30. Between the dates of April 20th, 1949 and April 20th, 1951 Spencer, as a member of the board, was paid the sum of $152.50 for his attendance upon sixty-one meetings of the township board at the statutory rate of $2.50 "for each day necessarily devoted by them to the services of the township in discharging the duties of their respective offices * * *." V.A.M.S., Sec. 65.230. In addition, during the two-year term for which he was elected (V.A.M.S., Sec. 65.190), he was paid the sum of $1,172.30 at the rate of seventy-five cents an hour for work and labor upon the township roads and bridges. His employment was authorized by the two other members of the board who approved his accounts and issued the warrants in payment of his services. V.A.M.S., Secs. 65.290, 65.320, 65.360. The work for which he was paid the sum of $1,172.30 consisted in operating a caterpillar tractor, operating a grader and trucks, repairing bridges and culverts, cutting brush and digging ditches. In 1951 a new township board was elected and this action was instituted. Upon a trial before the court there was a general finding and judgment for the defendant, and the township appeals.

It is the position of the township, since Spencer was a member of the board, that his employment to work on the roads and bridges

was against public policy and therefore the township is entitled to recover the sums paid him for such services. In support of its argument, it is urged that the statutes under which he was elected specifically provide for his compensation as a member of the board and that he could not receive additional compensation. It is urged that as a member of the township board he could not act in the dual capacity of employer and employee, and, being a public officer, his rendition of services is deemed gratuitous. It is argued that the services performed, and for which he received additional compensation, were under the supervision of the township board, a part of its official duties, and therefore so against public policy that the trial court erred in denying the township's right to recover.

Unquestionably, the general rule is "that an officer of a public corporation cannot become personally interested in a contract with the board of which he is a member, or in a contract with such public corporation with reference to the performance of any labor or services as to which he has in any way a public duty to perform, either by overseeing or passing upon such labor, or auditing or allowing a claim therefor, or directing the payment thereof." Annotation 34 L.R.A. (N.S.) 129, 131; Nodaway County v. Kidder, 344 Mo. 795, 129 S. W. (2) 857. Even in the absence of statutory prohibition and even though the work or services consist of "extra services," if they are in point of fact a part of or germane to the official duties of his office, the officer's employment, for obvious reasons, is against public policy and he is not entitled to compensation for performing the services. Annotations 84 A.L.R. 936; 159 A.L.R. 606. It was a part of Spencer's duties as a member of the township board to audit all claims, and it was the board's duty to construct, repair and improve roads "and to that end may contract for such work, or may purchase machinery, employ operators and purchase needed materials and employ necessary help and do such work by day labor." V.A.M.S., Sec. 229.040. In short, the services performed by Spencer where a part of and germane to his official duties and his employment by the board was against public policy. But it does not follow that the township should recover in this action.

It is necessary, in the beginning, to precisely delimit the issues involved upon this appeal. This is not a suit upon the warrants (Seaman v. Cap-Au-Gris Levee Dist., 219 Mo. 1, 117 S. W. 1084; Jensen v. Wilson Township, 346 Mo. 1199, 145 S. W. (2) 372) and the officer has not instituted an action in which he affirmatively attempts to enforce the contract. King v. Riverland Levee Dist., 218 Mo. App. 490, 279 S. W. 195; Witmer v. Nichols, 320 Mo. 665, 671, 8 S. W. (2) 63, 65. While Spencer's employment was against public policy and his contract may have been unenforceable (McKissick v. Mount Pleasant Twp., 48 Mo. App. 416) no one, in the two-year period, questioned his employment or his right to receive compensation for the services rendered. State ex rel. Smith

v. Bowman, 184 Mo. App. 549, 170 S. W. 700. It was the duty of the township board to contract for and supervise the work and labor performed by Spencer and so the services were germane to his office and official duties, and yet the pay he received was not additional compensation for the performance of his "official duties" in the sense that it was the official duty of the county judge in Nodaway County v. Kidder, supra, to act as a member of the board of equalization, and to inspect roads and bridges and the almshouse. While germane to their office the statutes did not contemplate that the members of the township board, as a part of their official duties, should operate tractors,.drive trucks or perform manual labor upon the roads or that their statutory compensation of $2.50 a day should cover such services. Edwards v. City of Kirkwood, 162 Mo. App. 576, 142 S. W. 1109; King v. Riverland Levee Dist., supra; Dunklin County v. Donaldson, (Mo.) 164 S. W. (2) 367. The respondent, Spencer, did not violate the terms of his employment (Atchison County v. De Armond, 60 Mo. 19) and he was not paid out of a fund for a purpose for which there was no appropriation. State v. Weatherby, 344 Mo. 848, 129 S. W. (2) 887. On the other hand, the services for which he was paid were not "extra" or "special" services entirely outside and in addition to the duties of his office, as he claims, and his position is not comparable to the instances in which the employee was under no duty to supervise or approve or in which he was not hired by his fellow board members. State ex rel. Trebby v. Vasaly, 98 Minn. 46, 107 N. W. 818; McBride v. Grand Rapids, 47 Mich. 236; Land v. Lewis, 299 Ky. 866, 186 S. W. (2) 803; 43 Am. Jur., Secs. 363-364, pp. 150-151; 62 C. J. S., Sec. 534, p. 980; annotation 159 A.L.R. 606.

 In addition, while Spencer's employment was against public policy, there is no express statutory prohibition against the township board's contracting with its own members to perform work and labor upon the roads. It does not appear upon this record whether they were complied with but other statutes contemplate the appointment of a road overseer (V.A.M.S., Secs. 231.160-231.170, 231.210) who is expressly prohibited from employing board members to work on township roads. V.A.M.S., Sec. 231.200. Spencer was employed by the board, not a road overseer, and the board is expressly authorized to contract and to employ operators "and necessary help and do such work by day labor." V.A.M.S., Sec. 229.040. In Nodaway County v. Kidder, supra, in addition to the county judge's contract being against public policy, the statutes under which he held office expressly provided that "No judge of any county court in the state shall, directly or indirectly, become a party to any contract to which such county is a party, or to act as any road or bridge commissioner, * * *." V.A.M.S., Sec. 49.140; Githens v. Butler County, 350 Mo. 295, 165 S. W. (2) 650. Likewise, in 1899, the

statutes relating to drainage districts provided that "said com-missioners shall not during their term of office, be interested, directly or indirectly, in any contract for the construction of any ditch, * * * nor in the wages or supplies, to men or teams employed in any work in said district." Consequently, it was held that a contract by which one of the commissioners was employed as the engineer to supervise the construction of a levee and drainage ditch was void, and that he could not recover upon the warrants issued in payment of his contracted services. Seaman v. Cap-Au-Gris Levee Dist., supra; annotation 140 A.L.R. 583. The force and significance of the absence of the statutory prohibition and the presence of the authority to contract in general is that the employment contract is not void, but voidable. "But a director is disabled from making a binding contract with the school district, not because the thing contracted for is itself illegal or tainted with moral turpitude, but because his personal relation to the district as its agent requires that he should have no self-interest antagonistic to that of the district in making a contract for it. The contract however in such case is not absolutely void, but it is simply not a binding agreement and may be avoided." Smith v. Dandridge, 98 Ark. 38, 41, 135 S. W. 800, 34 L.R.A. (N.S.) 129; Ann. Cas. 1912D, p. 1130.

In its petition Polk Township alleges that Spencer, as a member of the township board "was entitled by law to receive as compensation only * * * $152.50; that the sum of * * * $1,172.30 is due and owing by defendant to plaintiff which said sum is evidenced by the following amounts received, * * *." This then is an action in assumpsit, or quantum meruit, the appropriate remedy for unjust enrichment—the so-called quasi-contractual obligations. The township relies upon the principles of "restitution" as a basis for the defendant's liability and its right to recover the sums paid out in violation of public policy. "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." Restatement, Restitution, Sec. 1. The thing contracted for, Spencer's work and labor, was not itself illegal, there is no charge or claim of fraud or that the price charged for the services was excessive. The voidable contract has been completely performed by both parties, and there has been no actual loss in either money or property to the township. The township has accepted the benefits of the contract and there is no proposal by the township to restore the benefits, in fact it has now become impossible for the district to return the services performed. Smith v. Hendricks, (Mo. App.) 136 S. W. (2) 449, 458. Even in Githens v. Butler County, supra, where the contract was in violation of a positive statute, the county offered to restore the consideration. In Witmer v. Nichols, 320 Mo., l.c. 671, 8 S. W. (2), l.c. 65 taxpayers of a school district sought to recover the consideration paid a member

of the school board for a tract of land. The contract was in violation of a positive statute, and the court assumed that the contract was void. Nevertheless, recovery was denied. Among other things the court said, "It is to be first noted that the question of enforcing the contract or in any way giving it effect is not involved. The contract has been completely executed on both sides. What the plaintiffs seek is a recovery for the School District of the moneys paid out for the site. *In so doing they recognize that under equitable principles the district is bound to restore to the rightful owners the possession of the land which it obtained in consideration for the money.*" In short, in the circumstances of this case, there has been no unjust enrichment of the defendant or any loss to the plaintiff and there is no occasion for the affirmative application of the principles of restitution. Witmer v. Nichols, supra; Smith v. Hendricks, supra; Smith v. Dandridge, supra; Seaman v. Cap-Au-Gris Levee Dist., supra; Sparks v. Jasper County, 213 Mo. 218, 112 S. W. 265; Inhabitants ȯf Schell City v. Rumsey Mfg. Co., 39 Mo. App. 264; annotation 84 A.L.R. 936; 140 A.L.R. 583. Accordingly, the judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. *Tipton, J.,* and *Leedy, P. J.,* concur; *Ellison, J.,* dubitante.