FILED 203
Honorable Emory Melton State Senator, District 29 201 West 9th Street Cassville, Missouri 65625
Dear Senator Melton:
This is in response to your request for an opinion from this office as follows:
 "Can an elected county highway commissioner receive a salary or wages for services rendered acting in a supervisory capacity in regard to road maintenance, construction, and supervision of employees over and above the amount provided for in Section 230.220, sub-section 3?
 "Stone County, Missouri, which is in my senatorial district adopted the alternative form of the highway commission by a vote of the people. The jurisdiction of all the county roads runs with the 5-member commission which consists of the three members of the county court and the commissioner from the northern district and the commissioner from the southern district of Stone County, both of whom are elected. The question now arises as to whether either one of the commissioners can receive compensation over and above that provided as set forth in #3 herein which would compensate him for going out on the job and acting in a supervisory capacity on that job."
Stone County to which you refer is a third class county. The county highway commission to which you refer is governed by Sections 230.200 to 230.260, RSMo Supp. 1975. They provide for a county highway commission composed of three county judges and two persons elected from the unincorporated area of the county court districts established by the county court.
Section 230.220, RSMo, to which you refer, provides in part as follows:
 "3. Members of the county highway commission shall receive as compensation for their services fifteen dollars per day for the first meeting each month and five dollars for each meeting thereafter during the month. The members shall also receive a mileage allowance of eight cents per mile actually and necessarily traveled in the performance of their duties.
Under the above statute, members of the highway commission receive for their compensation fifteen dollars a day for the first meeting each month and five dollars for each meeting thereafter during the month and mileage allowance of eight cents per mile actually and necessarily traveled in performance of their duties.
Section 230.230, RSMo Supp., provides as follows:
 "In all counties adopting sections 230.200
to 230.260, all powers and duties heretofore exercised by the county court, township boards, and special road district commissioners relating to the improvement, construction, reconstruction, restoration and maintenance of roads shall be exercised by the county highway commission."
Section 230.240 provides as follows:
 "1. In addition to the comprehensive road plan required by section 230.235, all counties of the third class adopting sections 230.200 to 230.260 shall employ a qualified graduate civil engineer as county highway engineer; except that, any person serving as county highway engineer on the date the county for which he serves adopts the provisions of sections 230.200 to 230.260 may be retained as county highway engineer and shall be considered qualified for that position within the meaning of sections 230.200
to 230.260. The county highway commission shall appoint the county highway engineer and shall set his salary to be paid out of the road and bridge fund of the county. The services of the engineer shall be available in an advisory capacity to any any [sic] incorporated municipality within the county at no charge to the municipality.
 "2. The county highway engineer shall have general supervision over the construction, maintenance, repair and reconstruction of all public highways, roads, bridges and culverts, subject to the approval of the county highway commission."
You inquire whether any one of the commissioners can receive compensation over and above that provided for in Section230.220.3 to compensate him for going out on the job and acting in a supervisory capacity of that job. All five members of this commission, including the two elected from the districts, are public officials; and the question is whether they are entitled to receive any compensation in addition to that allowed by statute for their services.
In Nodaway County v. Kidder, 129 S.W.2d 857 (Mo. 1939), a member of the County Court of Nodaway County was allowed compensation by the county court in addition to his salary for services of inspecting the roads and culverts and taking various trips to other towns in the county to purchase supplies of various kinds. This was a suit to recover all compensation paid him by the county in excess of the amount allowed by statute as compensation for a county judge. In holding that Nodaway County was entitled to recover extra compensation, the Supreme Court of Missouri stated, l.c. 860:
 "The general rule is that the rendition of services by a public officer is deemed to be gratuitous, unless a compensation therefor is provided by statute. If the statute provides compensation in a particular mode or manner, then the officer is confined to that manner and is entitled to no other or further compensation or to any different mode of securing same. Such statutes, too must be strictly construed as against the officer. State ex rel. Evans v. Gordon, 245 Mo. 12, 28, 149 S.W. 638; King v. Riverland Levee Dist., 218 Mo.App. 490, 493, 279 S.W. 195, 196; State ex rel. Wedeking v. McCracken, 60 Mo.App. 650, 656.
 "It is well established that a public officer claiming compensation for official duties performed must point out the statute authorizing such payment. State ex rel. Buder v. Hackmann, 305 Mo. 342, 265 S.W. 532, 534; State ex rel. Linn County v. Adams, 172 Mo. 1, 7, 72 S.W. 655; Williams v. Chariton County, 85 Mo. 645.
 "The duties performed by appellant, and for which the additional fee or salary and mileage was paid, were with reference to matters pertaining to and relating to his official duties as presiding judge of the county court and said services were within the scope of said official duties. The work in which appellant was engaged was directly under the supervision of the county court. Public policy requires that a public officer be denied additional compensation for performing official duties."
It is our view that under the statute it is the duty of the members of the county highway commission under provisions of Section230.200 to and including Section 230.260 to supervise road construction and maintenance as part of their official duties and that they are not entitled to any compensation in addition to that allowed by statute for any additional services rendered.
In Nodaway County v. Kidder, supra, the court further stated, l.c. 861:
 "Appellant's alleged contract was also void as against public policy regardless of the statute. A member of an official board cannot contract with the body of which he is a member. The election by a Board of Commissioners of one of its own members to the office of clerk and agreement to pay him a salary was held void as against public policy. Town of Carolina Beach v. Mintz, 212 N.C. 578, 194 S.E. 309; 46 C.J. 1037 Sec. 308."
It is our opinion that any contract of employment by the county highway commission or any of its members to render service as an employee for the commission is against public policy and void as was stated in Nodaway County v. Kidder.
Yours very truly,
 JOHN C. DANFORTH Attorney General