NORTHAMPTON COUNTY DRAINAGE DISTRICT NUMBER ONE, PLAINTIFF v. LARRY DONALD BAILEY, JR. AND WIFE, MAXINE SPENCE BAILEY; BETTY GATLIN, UNMARRIED; CLAUDE M. FENNELL AND WIFE, BRENDA D. FENNELL; THOMAS L. REDD AND WIFE, CONNIE B. REDD; JESSE B. OUTLAW AND WIFE, DESSIE B. OUTLAW; WILLIAM SLADE AND WIFE, KATHLEEN SLADE; JAMES M. BUSH AND WIFE, DOROTHY W. BUSH; THOMAS DAVID TANN AND WIFE, VERNEAR O. TANN; JESSE LEE EASON AND WIFE, LILY M. EASON; LUCIUS CORNELL SLADE, UNMARRIED; WHALLON HOLLOMAN AND WIFE, SAWYER HOLLY HOLLOMAN; JAMES O. BUCHANAN, TRUSTEE FOR FARMER'S HOME ADMINISTRATION, LIENHOLDER; JOSEPH J. FLYTHE, TRUSTEE FOR THE FEDERAL LAND BANK OF COLUMBIA, LIENHOLDER; THURMAN E. BURNETTE, TRUSTEE FOR FARMER'S HOME ADMINISTRATION, LIENHOLDER; JOSEPH J. FLYTHE, TRUSTEE FOR JOHN M. FIELDS, LIENHOLDER, DEFENDANTS, AND MANNING P. COOKE, AGENT, ROBERT DARRELL MORRIS, JOHN SOUTHGATE VAUGHAN, PHILLIP B. PARKER AND JOHN D. SNIPES, JR., INTERVENOR-DEFENDANTS

No. 876SC1204

(Filed 15 November 1988)

1. **Drainage § 4— method of selecting commissioners of drainage districts—not unconstitutional**

   There is no unconstitutional infirmity in N.C.G.S. § 156-81(a) and (i) in permitting the Clerk of Superior Court of Northampton County to either appoint the commissioners of a two-county drainage district or provide for their election by the landowners of the district.

2. **Drainage § 4— drainage district meetings—subject to open meetings requirement**

   Plaintiff drainage district was subject to the open meetings requirement of N.C.G.S. § 143-318.10, but its failure to notify defendants of meetings at which assessments were levied did not deprive defendants of due process because defendants had a right to seek a declaratory judgment voiding the disputed action within 45 days after plaintiffs' action was disclosed.

3. **Drainage § 8— collection of assessments—failure to levy by first Monday in September**

   Plaintiff drainage district's failure to levy the annual assessments for 1974 and 1983 by the first Monday in September of those years did not bar the collection of the assessments for those years because the assessments are to be collected in the same manner as State and county taxes, and the failure to levy any tax within the time prescribed by law is an immaterial irregularity that does not affect the validity of the assessment. N.C.G.S. § 105-394(3).

4. **Limitation of Actions § 1.1— collection of drainage district assessments—defensive statute of limitations—not available to intervenors**

   In an action by a drainage district to collect assessments in which some defendants intervened, the statute of limitations was not available to the in-

Northampton County Drainage District Number One v. Bailey

tervenors because statutes of limitation are affirmative defenses available only to the person against whom an action is brought. N.C.G.S. § 1-46.

5. **Attorneys at Law § 7.5— collection of drainage district assessments—attorney's fees**

   The trial court erred by taxing attorney fees against plaintiff drainage district in an action to collect drainage assessments because the specific provision of N.C.G.S. § 105-374(i) takes precedence over the general one in N.C.G.S. § 6-21.

   Judge BECTON dissenting.

APPEAL by plaintiff from *Phillips, Judge.* Judgment entered 6 August 1987 in Superior Court, HERTFORD County. Heard in the Court of Appeals 6 June 1988.

Plaintiff drainage district, formed in 1960 pursuant to a special proceeding filed in Northampton County, maintains 17.2 miles of canals and ditches that serve 29,750 acres of land in Northampton and Hertford Counties. Its commissioners are appointed by the Clerk of Superior Court of Northampton County, as G.S. 156-54, *et seq.* permits. Plaintiff has never filed a schedule of its meetings or notified landowners in the district when its meetings to levy assessments would be held. John S. Vaughan owns land in Hertford County within the district, and in December, 1982 plaintiff brought foreclosure proceedings against him to collect maintenance assessments levied for the years 1968, 1969, 1974, 1975, 1976, 1978, 1980, and 1981. Vaughan immediately paid the assessments and plaintiff voluntarily dismissed the action. Within a month thereafter, claiming that the assessments were illegal and that certain of them were barred by the statute of limitations, Vaughan asked plaintiff for a hearing, which plaintiff denied, asserting that the statute of limitations defense had been waived, and Vaughan did not pursue the matter further. In April, 1984 plaintiff filed this action to collect assessments for the years 1974, 1975, 1976, 1978, 1980, 1981, 1982, and 1983 from the original defendants, all of whom own land in the Hertford County part of the district. By their answer defendants asserted, *inter alia,* that the assessments were void because the statutes under which the district was formed are unconstitutional for various reasons and because plaintiff did not comply with the open meetings law and other statutes. With the court's approval Vaughan and three other Hertford County landowners intervened as defendants and as-

serted the same defenses as the original defendants, and Vaughan counterclaimed for the assessments he paid in the prior proceeding.

After a trial without a jury the court entered judgment to the following effect: (1) The provisions in G.S. 156-81(a) and (i) granting the Clerk of Superior Court of Northampton County authority to either appoint the drainage district commissioners or provide for their election by the district landowners violate defendants' due process rights under both the state and federal constitutions because it is an improper delegation of legislative authority, and violate their equal protection rights under both constitutions because they cannot vote for the Clerk of Superior Court of Northampton County, whereas district members who live in Northampton County can, and plaintiff was enjoined from levying any further assessments, but was permitted to collect the assessments already levied except as noted below; (2) by levying assessments at meetings that were neither publicly scheduled nor announced plaintiff violated defendants' due process rights under both constitutions as well as the open meetings law, G.S. 143-318.9, *et seq.*; (3) the assessments for 1974 and 1983 were void because they were not levied on or before the first Monday in September of those years as G.S. 156-105 requires; (4) the ten-year statute of limitations barred plaintiff from collecting the assessments for 1968 and 1969 from intervenor defendant Vaughan and a refund of those payments was ordered; and (5) defendants were entitled to recover their costs, including attorneys' fees, which by a subsequent order were set at $4,900 for the original defendants and $5,300 for the intervenor defendants.

*Frank M. Wooten, Jr. and Browning, Sams, Poole & Hill, by Robert R. Browning, for plaintiff appellant.*

*Baker, Jenkins & Jones, by Ronald G. Baker and Charles J. Vaughan, for defendant and intervenor defendant appellees.*

*Geo. Thomas Davis, Jr. for Hyde County Drainage District #7, amicus curiae.*

*Mayo & Mayo, by William P. Mayo, for Beaufort County Drainage District Number One (Pantego Creek Drainage District), Beaufort County Drainage District Number Two (Broad Creek Drainage District), Beaufort County Drainage District Number Five (Albemarle Drainage District) and Beaufort County Pungo Drainage District Number One (Pungo River Drainage District), amicus curiae.*

*Attorney General Thornburg, by Special Deputy Attorney General Daniel C. Oakley and Assistant Attorney General Philip A. Telfer, for the State of North Carolina, amicus curiae.*

PHILLIPS, Judge.

All the foregoing rulings by the court are challenged by plaintiff's appeal and we will discuss them in the order stated.

I.

[1]  We see no constitutional infirmity in G.S. 156-81(a) and (i) permitting the Clerk of Superior Court of Northampton County to either appoint the commissioners of this two-county drainage district or provide for their election by the landowners as he sees fit, and the court's ruling to the contrary is reversed and the injunction against plaintiff levying assessments in the future is dissolved. The General Assembly has inherent authority to delegate a portion of its prerogative to subordinate political subdivisions. *Adams v. Department of Natural and Economic Resources,* 295 N.C. 683, 249 S.E. 2d 402 (1978). Permitting the Clerk of Superior Court to establish a drainage district is not an unconstitutional delegation of legislative authority, as the Clerk's function in such matters is quasi-judicial in nature. *Sanderlin v. Luken,* 152 N.C. 738, 68 S.E. 225 (1910). Nor is it improper to delegate the power to a single Clerk of Court when the district includes lands in more than one county. *Hagar v. Reclamation District No. 108,* 111 U.S. 701, 28 L.Ed. 569, 4 S.Ct. 663 (1884). Since the delegation does not burden a suspect class it is enough that it has a rational basis, *White v. Pate,* 308 N.C. 759, 304 S.E. 2d 199 (1983); which it clearly does, since the tedious, time consuming, unremunerative position of drainage district commissioner is not one that is likely to always be filled by the electoral process. And as to the right to vote: In this instance, the right that has constitutional protection is not the right to vote *per se,* but the *equal* right to vote, and

the relevant jurisdiction is not the county or counties involved, but the drainage district itself. Since under the present arrangement no one in either county can vote for the commissioners and if the Clerk calls for an election the persons that are enfranchised to vote for the commissioners under G.S. 156-79 and G.S. 156-81(a) are the *landowners* of the district, not the *residents* of the counties within the district, defendants' claim that they are treated unequally has no basis. *White v. Pate*, 308 N.C. 759, 304 S.E. 2d 199 (1983).

## II.

[2] Though plaintiff contends otherwise, as a political subdivision of the State organized pursuant to the provisions of G.S. 156-54 with quasi-judicial and administrative authority, plaintiff is subject to the open meetings requirements of G.S. 143-318.10; but its failure to notify defendants of its meetings at which the assessments were levied did not deprive them of due process, as the court held. For under G.S. 143-318.10 and G.S. 143-318.16A(b) defendants had a right within 45 days after plaintiff's action was disclosed to seek a declaratory judgment voiding the disputed action, as well as a prospective injunction against its repetition, but took neither step. Having failed to avail themselves of an adequate remedy that the law provided their argument that their due process rights were abridged has no foundation. Furthermore, the assessments were levied to cover routine maintenance costs of the drainage district; they were not taxes, duties, or imposts, the levying of which had met due process and equal protection requirements, *Drainage Commissioners of Mattamuskeet District v. Davis*, 182 N.C. 140, 108 S.E. 506 (1921); and since they were in the same ratio as for the costs of construction and installation notice was not required. G.S. 156-138.3, G.S. 156-93.1. This ruling necessarily overrules defendants' cross-appeal on this question.

## III.

[3] Plaintiff's failure to levy the annual assessments for 1974 and 1983 by the first Monday in September of those years did not bar the collection of the assessments for those years, as the court held. G.S. 156-105 provides that assessments shall be collected "in the same manner and by the same officers as the State and county taxes are collected," and G.S. 105-394(3) provides that "[t]he

failure to list, appraise, or assess any property for taxation or to levy any tax within the time prescribed by law" is an immaterial irregularity that does not affect the validity of the assessment.

## IV.

[4] The court's holding that the statute of limitations was available to the defendant intervenors is erroneous. Statutes of limitations prescribe the periods in which actions may be brought. G.S. 1-46. As such they are affirmative defenses available only to persons against whom an action is brought; they are not available to volunteers who intervene to assert some claimed right of their own. The statute of limitations relates only to the remedy and a defendant may not rely upon it until the plaintiff seeks his remedy. *Berry v. Corpening*, 90 N.C. 395 (1884). In this case plaintiff has sought no remedy at all against the intervenors. Furthermore, defendant intervenor Vaughan waived his right to plead the statute of limitations as a matter of law by failing to assert that defense in the former action in which he paid the assessments that he now claims are barred, *Nationwide Mutual Insurance Co. v. Edwards*, 67 N.C. App. 1, 312 S.E. 2d 656 (1984), and the judgment in his favor is vacated.

## V.

[5] The taxing of attorneys fees against plaintiff was also error. G.S. 6-21(8) authorizes the court in its discretion to award fees, as part of the costs, "[i]n all proceedings under the Chapter entitled Drainage, *except as therein otherwise provided.*" (Emphasis added.) In the Chapter entitled Drainage, after providing by G.S. 156-105 for the assessments to be collected in the same manner and by the same officers as State and county taxes, it is otherwise provided by G.S. 105-374(i) that as to costs in such collection proceedings:

> The word "costs," as used in this subsection (i), shall be construed to include one reasonable attorney's fee for the *plaintiff* in such amount as the court shall, in its discretion, determine and allow. When a taxing unit is made a party defendant in a tax foreclosure action and files answer therein, there may be included in the costs *an attorney's fee for the defendant* unit in such amount as the court shall, in its discretion, determine and allow. (Emphasis supplied.)

Since this specific provision takes precedence over the general one in G.S. 6-21, the award of attorneys fees to the defendant and intervenor property owners has no statutory authority, and is therefore vacated.

As to plaintiff's appeal the judgment is affirmed in part, reversed and vacated in part, and remanded for further proceedings in accord with this opinion.

As to defendants' cross-appeal the judgment is affirmed.

Judge COZORT concurs in the result.

Judge BECTON dissents.

Judge BECTON dissenting.

In my view, the facts of this case sufficiently differ from those of *White v. Pate* so as to keep *White* from being dispositive of defendants' equal protection claim.

In *White*, the drainage district was located entirely within Craven County; its commissioners were appointed by the Clerk of the Superior Court of that county. 308 N.C. at 761, 304 S.E. 2d at 201. In contrast, the drainage district in this case encompasses land in both Northampton and Hertford Counties, but it is the Clerk of Court of Northampton County alone who appoints the commissioners. Although none of the landowners in the drainage district may elect the commissioners, the landowners in Northampton County may vote for the Clerk who appoints those commissioners. The Hertford County landowners, on the other hand, have no voice in selecting the Clerk.

The rationale upon which the *White* court determined that the plaintiff landowners were not a suspect class nor suffered a burden upon their fundamental right to vote does not apply with similar persuasiveness to the present case. I find merit in the equal protection argument raised by the defendants. Believing, therefore, that this case turns on facts that adequately distinguish it from those upon which our Supreme Court decided the equal protection claim in *White*, I dissent.