## COULTER v. CITY OF NEWTON

[100 N.C. App. 523 (1990)]

LEONARD COULTER, BOB SEAGLE, AND ODESSA COULTER, PLAINTIFFS v. THE CITY OF NEWTON, A MUNICIPAL CORPORATION; MARY BESS LAWING, ALDERWOMAN; ROBERT D. SAUNDERS, ALDERMAN; THURMOND A. HARVELL, ALDERMAN; H. TOM ROWE, ALDERMAN; JAMES I. STOCKNER, ALDERMAN; AND GEORGE REID, JR., ALDERMAN, BEING ALL OF THE ALDERMEN OF THE BOARD OF ALDERMEN OF THE CITY OF NEWTON; HUGH R. GAITHER, MAYOR OF NEWTON, AND GARY WORKMAN, ACTING CITY MANAGER OF NEWTON, DEFENDANTS

No. 8925SC1342

(Filed 30 October 1990)

### 1. State § 1.1 (NCI3d) — conditional use permit — open meetings law — statute of limitations

Plaintiffs' suit challenging a board of aldermen's approval of a conditional use permit on the basis of the open meetings law, N.C.G.S. § 143-318.11, was barred by the forty-five day statute of limitations of N.C.G.S. § 143-318.16A(b) where disclosure to plaintiffs of the action that the suit seeks to have declared null and void occurred more than sixty days prior to the date plaintiffs filed their complaint.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 569-574.**

### 2. Municipal Corporations § 30.6 (NCI3d) — special use permit — water and sewer services

Even if a city's original commitment to provide a waterline to a mobile home park proposed by an applicant for a special use permit violated the open meetings law, its proposal to furnish the waterline was thereafter implicitly approved in a proper manner by the board of aldermen's decision at a public meeting to grant the conditional use permit upon the condition that the city would furnish the waterline and the applicant would extend a sewer line, and the board thus had before it sufficient evidence of adequate water and sewer services to support its approval of the permit.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 569-574.**

APPEAL by plaintiffs from judgment entered 5 September 1989 by *Judge Forrest A. Ferrell* in CATAWBA County Superior Court. Heard in the Court of Appeals 20 August 1990.

Defendant Board of Aldermen of the City of Newton adopted a resolution on 22 August 1988 approving the application of Percy Dale Little and Dixie H. Little for a conditional use permit allowing the Littles to construct and maintain a mobile home park on property they owned located within the City's planning and zoning jurisdiction. On 1 September 1988, plaintiffs, who own property adjoining the site of the proposed park, filed a complaint seeking to have a contract between the City and the Littles declared void because it was allegedly agreed to illegally during an executive session of the Board of Aldermen. In addition, plaintiffs filed a Petition for Writ of Certiorari seeking to reverse the action of the Board in approving the permit. Plaintiffs filed a Motion for Summary Judgment pursuant to N.C.R. Civ. P. 56(c) on 30 December 1988, and after a hearing, Judge Ferrell granted summary judgment in favor of defendants. Plaintiffs filed a Motion for Rehearing and for Relief from Order pursuant to N.C.R. Civ. P. 52 and 59. The motion was denied, and plaintiffs appealed.

According to the record and briefs, the facts pertinent to this case are as follows:

Defendant Newton City Board of Aldermen retired into executive session at the close of its regular meeting on 3 February 1987 for the stated purpose of discussing "property acquisition and personnel matters." The mayor of defendant City announced that no action would be taken after the executive session and no action was taken. Neither the Agenda nor the Minutes of the 3 February meeting contain any reference to the Littles, the proposed mobile home park or the extension of water or sewer service to the subject property.

Pursuant to the Littles' application for the conditional use permit, a lengthy public hearing was held on 18 March 1987. Action on the application was tabled until the Board's 7 April 1987 meeting, at which time the Littles' request was denied on the basis that the mobile home park would be detrimental to the safety of other residents because of the poor condition of a public road and the small size of a bridge servicing the area.

Despite the 7 April vote denying the conditional use permit, in the spring of 1987 the City and the Littles apparently reached an agreement on one precondition for complying with the permit requirements. A letter signed by the then city manager of Newton was sent to Mr. Little on 24 April 1987 advising him that at its

**COULTER v. CITY OF NEWTON**

[100 N.C. App. 523 (1990)]

3 February 1987 meeting the Board of Aldermen "agreed to install a waterline in McKay Road and under said road to your property located on McKay Road . . . . This agreement was contingent on your agreement to extend a sewer line along McKay Road to serve your property, at your expense. Further, it was contingent on your agreement to petition the City for satellite annexation of the property."

Also, subsequent to the Board's denial of the conditional use permit at the April 7 meeting, the Littles filed a petition for a Writ of Certiorari to the superior court for a review of the proceedings. The court remanded the matter to the City for a de novo hearing to be conducted in a quasi-judicial manner. During the course of the resulting 22 June 1988 public hearing, the 24 April 1987 letter was submitted as evidence of an agreement between the Littles and the City whereby the City would provide a waterline to the property in exchange for Mr. Little installing a sewer line and agreeing to petition the City for annexation.

No action on the matter was taken until the Board's 2 August 1988 meeting at which time the conditional use permit was approved. On 1 September 1988, plaintiffs filed this suit.

*Long & Cloer, by Samuel H. Long, III, for plaintiff appellants.*

*Sigmon, Sigmon & Isenhower, by Jesse C. Sigmon, Jr., for defendant appellees.*

ARNOLD, Judge.

In their first assignment of error, plaintiffs contend the trial court erred in granting summary judgment to defendants and in dismissing plaintiffs' claim based on an alleged violation of N.C. Gen. Stat. § 143-318.11 (1987), otherwise known as the "open meetings law." Although plaintiffs filed the motion for summary judgment, the trial court after reviewing the pleadings, exhibits, affidavits of plaintiffs and the record of the Board's proceedings entered summary judgment for defendants. "When appropriate, summary judgment may be rendered against the party moving for such judgment." *Blades v. City of Raleigh*, 280 N.C. 531, 544, 187 S.E.2d 35, 43 (1972).

A careful reading of plaintiffs' pleadings and brief indicates that the only purpose of this action is to test the legality of the Board's 2 August 1988 action granting the conditional use permit.

Plaintiffs' case rests entirely on their argument that the City "illegally contracted" to furnish water service to the Little property.

[1] Defendants, by their motion to dismiss filed on 25 October 1988, raised a statute of limitations defense pursuant to N.C. Gen. Stat. § 143-318.16A(b) (1987) against the suit challenging the action taken in executive session. That statute provides in part: "A suit seeking declaratory relief under this section must be commenced within 45 days following the *initial disclosure* of the action that the suit seeks to have declared null and void . . . ." *Id.* (emphasis added).

It is clear at the 22 June 1988 public hearing plaintiffs gained knowledge of the 24 April letter, which referred to the "action" taken by the Board of Aldermen in its executive session on 3 February 1987. The letter was introduced into evidence and read at the June public hearing. Plaintiffs were present at the hearing and represented by counsel. Disclosure to plaintiffs of the action complained of therefore occurred on 22 June 1988, more than sixty days prior to 1 September 1988, the date plaintiffs filed their complaint. Thus, plaintiffs' suit is barred by G.S. § 143-318.16A(b), and the trial court properly granted defendants' motion dismissing plaintiffs' first cause of action. *See Northampton County Drainage District Number One v. Bailey*, 92 N.C. App. 68, 72, 373 S.E.2d 560, 563 (1988).

[2] Next plaintiffs contend that the trial court erred by upholding the Board's action in granting the Littles a conditional use permit. "In reviewing the sufficiency and competency of the evidence at the appellate level, the question is not whether the evidence before the superior court supported that court's order but whether the evidence before the town board was supportive of its action." *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E.2d 379, 383 (1980). Plaintiffs argue that in approving the permit defendant City erred in finding that the permit application met the requirements of the Newton City Code. *See* Newton, N.C. City Code, § 26-54 (1976). According to the Code, a permit applicant must show as a precondition for approval of a permit application that plans for water and sewer systems have been approved by state, county and city authorities. Newton City Code, § 26-54(c)(5). Plaintiffs contend that given the alleged illegality of the agreement between the City and Mr. Little reached during the executive session the Littles have not met the Code requirements.

Nevertheless, even if plaintiffs are correct that the waterline commitment made at the 3 February 1987 executive session violated the open meetings law, a contention we have not addressed here, it does not prevent defendant City from later committing itself to furnish water to the Littles' property. After a lengthy public hearing in 1987, a lawsuit and another public hearing on 22 June 1988, all the facts pertinent to this case were publicly presented, including the City's proposal to furnish a waterline to the Littles' property. That proposal was approved and ratified by the Board of Aldermen through its adoption at the 2 August 1988 public meeting of the resolution granting the conditional use permit to the Littles under certain terms and conditions specified. Among those terms and conditions was the commitment by the City to furnish water to the property. Approval and adoption of the waterline commitment was implicit in the decision of the Board to grant the conditional use permit. Therefore, evidence concerning the City Code requirement for providing adequate water and sewer services to the mobile home park was before the Board when it granted the permit.

The judgment below is affirmed.

Affirmed.

Chief Judge HEDRICK and Judge GREENE concur.